1
2
3
4
5
6

**NEALE & FHIMA, LLP**
MATTHEW E. NEALE, ESQ. (SBN 74036)
matthew@nealefhima.com
AARON D. FHIMA, ESQ. (SBN 296408)
aaron@nealefhima.com
LAUREN M. BRADSHAW, ESQ. (SBN 319111)
laurenbradshaw@nealefhima.com
34188 Pacific Coast Highway
Dana Point, CA 92629
Telephone: (949) 661-1007
Facsimile: (949) 661-3619

7
8

Attorneys for Plaintiff,
*LETICIA DELGADILLO*

9
10
11
12

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFONRIA

13
14

LETICIA DELGADILLO, an individual,

15

Plaintiff,

16

v.

17
18
19

FCA US LLC, a limited liability company; and DOES 1 through 10, inclusive,

20
21

Defendants.

Case No.: 5:21-cv-01054

**PLAINTIFF LETICIA DELGADILLO'S MOTION FOR REMAND AND DECLARATION OF LAUREN M. BRADSHAW**

Date: August 23, 2021
Time: 10:00 A.M.
Dept: 5A

22
23

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

24

    Please take notice that on August 23, 2021 at 10:00 A.M. in courtroom 5A of

25

the U.S. District Court for the Central District of California, located at 350 West 1st

26

Street, Los Angeles, CA 90012, Plaintiff LETICIA DELGADILLO will move this

27

court for an order remanding this action to the Superior Court of the State of

28

California County of San Bernardino.  This motion is made following the conference

of counsel, pursuant to L.R. 7-3, which was sent via email correspondence on July 15, 2021 at 12:36 P.M.  Plaintiff waives oral argument and request that the Court dispense with oral argument on this matter.  This motion will be made pursuant to 28 U.S.C. §1447 and other authorities set forth in the attached Memorandum, of Points and Authorities.  This Motions is based on this motion, the attached memorandum of points and authorities, the declaration of Lauren M. Bradshaw, Esq., and full record of this matter.

 Dated: July 23, 2021                                 **NEALE & FHIMA, LLP**


                                          By: _Lauren Bradshaw_____
                                          Aaron D. Fhima, Esq.
                                          Lauren M. Bradshaw, Esq.
                                          Attorneys for Plaintiff,
                                          *LETICIA DELGADILLO*

1

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................. 6

II. STATEMENT OF FACTS...................................................................... 6

III. THIS CASE SHOULD BE REMANDED. ............................................. 8

   A. DEFENDANT'S ASSERTION THAT COMPLETE DIVERSITY EXIST IS

   BASED ON PURE SPECULATION.**................................................................. 9**

   B. FACTS DO NOT SUPPORT THE SPECULATIVE CONCLUSION THAT **.....11**

IV. CONCLUSION ................................................................................. 14

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF LETICIA DELGADILLO'S MOTION FOR REMAND AND
DECLARATION OF LAUREN M. BRADSHAW

**Cases**

*Bradford v. Mitchell Bros. Truck Lines*, 217 F. Supp. 525 (N.D. Cal. 1963) ............. 10

*Echemendia v. Subaru of Am., Inc.,* Case No. 2:20-cv-09243-MCS-JEM, 2020 WL
    7311348 ........................................................................................................... 13

*Esparza v. FCA US LLC,* Case No. 2:21-cv-01856-RGK-MRW, 2021 U.S. Dist.
    LEXIS 46988 ................................................................................................... 12

*Estrada v. FC US LLC*, Case No. CV 20-10453 PA (JPRx), 2021 U.S. Dist. LEXIS
    12394 (C.D. Cal. Jan. 21, 2021) ...................................................................... 12

*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998)...................................... 11

*Garcia v. ACE Cash Express, Inc*., No. SACV 14-0285-DOC (RNBx), 2014 U.S.
    Dist. LEXIS 76351 .......................................................................................... 12

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ........................................... 9, 13, 14

*Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102 (9th
    Cir. 2010) ......................................................................................................... 14

*Hunter v Phillip Morris USA*, 582 F.3d 1039 (9th Cir. 2009)..................................... 14

*Kanter v. Warner-Lambert Co*., 265 F.3d. 853 (9th Cir. 2001)................................... 10

*Khachatryan v. BMW of N. Am., LLC*, No. CV 21-1290 PA (PDx), 2021 U.S. Dist.
    LEXIS 46026 (C.D. Cal. Mar. 10, 2021) ........................................................ 12

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994)......................... 8

*Kroske v US Bank Corp*., 432 F.3d 976 (9th Cir. 2005)............................................... 11

*McNutt v. General Motors Acceptance Corp*., 298 U.S. 178 (1936) ............................ 9

*Millan v. FCA US LLC*, Case No.: 20cv328 JM (MDD), 2020 U.S. Dist. LEXIS
    117280 (S.D. Cal. July 2, 2020) ...................................................................... 13

*Richmond v Allstate Ins. Co*., 897 F. Supp. 447 (S.D. Cal. 1995)............................... 13

*Ronquillo v. BMW of N. Am., LLC*, Case No.: 3:20-cv-1413-W-WVG, 2020 U.S. Dist.
    LEXIS 215398 (S.D. Cal. Nov. 17, 2020)....................................................... 13

*Savall v. FCA US LLC*, No. 21cv195 JM (KSC), 2021 U.S. Dist. LEXIS 81477....... 12

*Williams v. Bestbuy*, 279 F 3d 967 (11th Cit. 2001) .................................................... 9

**Statutes**

28 U.S.C. § 1147 ............................................................................................ 8

28 U.S.C. § 1447(c) ....................................................................................... 9

PLAINTIFF LETICIA DELGADILLO'S MOTION FOR REMAND AND
DECLARATION OF LAUREN M. BRADSHAW

# MEMORANDUM OF POINTS AND AUTHORITIES
## I. INTRODUCTION

Defendant, FORD MOTOR COMPANY, INC., ("Defendant"), is attempting to burden this Court with a lemon law claim that belongs in state court. Removal here was improper. The burden is on the Defendant to establish that the Court has removal jurisdiction- i.e., that there is diversity of citizenship and that the amount in dispute exceeds $75,000. As set forth below, Defendant has not established diversity of citizenship and cannot show that the amount in dispute exceeds $75,000. The matter should therefore be remanded.

Counsel met under Local Rule 7-3 but were unable to reach agreement on these issues. Plaintiff now moves to remand this action back to the Superior Court of California, County of San Bernardino, and requests an award of attorney fees pursuant to 28 U.S.C. § 1447(c).

## II. STATEMENT OF FACTS

On April 16, 2021, Plaintiff LETICIA DELGADILLO ("Plaintiff") filed this action in the San Bernardino County Superior Court. (Bradshaw Decl., Ex. A). Defendant was served on May 24, 2021. (Bradshaw Decl., Ex. B). The Complaint seeks repurchase of the defective Dodge Dart vehicle pursuant to California's Song Beverly Consumer Warranty Act, also known as the "California lemon law."

On June 23, 2021, Defendant filed a Notice of Removal. (Bradshaw Decl., Ex. C). Defendant bases the removal on alleged diversity jurisdiction. Defendant's principal place of business is in Dearborn, Michigan and is incorporated in Delaware.

Defendant claims and assumes that plaintiff is domiciled in California based solely on the purchase contract. (Bradshaw, Decl.).  With respect to the amount in controversy, Defendant states in its removal papers:

> 19. Plaintiff is allegedly seeking a minimum of $26,350.10 in restitution which is calculated as the total amount paid for the vehicle ($26,464.81) (see Retail Installment Contract,Line 5, Exhibit "F" to Gregg Decl.), less a reasonable allowance for use in the amount of $114.71.1 See Cal.Civ.Code § 1793.2(d)(2)(B).
>
> 20. A civil penalty of two times the claimed actual damages would equal $52,700.20. Taken together, Plaintiff's claims for actual damages and a civil penalty equals $79,050.30, even before considering unspecified incidental and consequential damages or attorneys' fees, which commonly exceed $35,000 in Song-Beverly cases.

(Notice of Removal, ¶¶19-20.)

However, the facts show that the threshold is not met because the total cost of the vehicle (including installment payments, down payment and interest) is $30,672.00.  (See, Purchase Contract, Exhibit D.) The jurisdictional amount can only be reached by *assuming* that attorney's fees and civil penalties will be imposed in an amount exceeding $44,328.00.  As set forth below, no such speculative assumptions can be made when determining jurisdiction.

PLAINTIFF LETICIA DELGADILLO'S MOTION FOR REMAND AND
DECLARATION OF LAUREN M. BRADSHAW

Removal jurisdiction is strictly construed against the party asserting removal jurisdiction; the removing party has the burden of proving that jurisdiction is proper. Plaintiff brings this motion now so that any doubt about jurisdiction be resolved now rather than after extensive resources have been expended by this Court and the parties.

On July 15, 2021, Plaintiff's counsel contacted defense counsel pursuant to local rule 7-3 in anticipation of filing a remand motion.  Plaintiff's counsel stated that they intended to bring a remand motion before this Court. (Bradshaw, Decl). Defendant did not respond regarding the Plaintiff's intention to file a remand motion. As such, Plaintiff moves to remand this action and for an award of attorney fees pursuant to 28 U.S.C. § 1147.

## III. THIS CASE SHOULD BE REMANDED.

Due to the failure of the Defendant to meet the burden to show removal was proper, this case should be remanded back to the state of California Superior Court in San Bernardino County. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted).  In evaluating Defendant's claims, the Court should "construe the removal statute against removal jurisdiction. Federal jurisdiction must be rejected if there is any doubt as to the right

PLAINTIFF LETICIA DELGADILLO'S MOTION FOR REMAND AND
DECLARATION OF LAUREN M. BRADSHAW

of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

Further, if "allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, [the removing party] must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established, or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." *Id.* at 567 (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Thus, once a motion for remand is filed the Defendant must present specific facts supporting the assertion of jurisdiction by "competent proof." 28 U.S.C. § 1447(c) gives Plaintiff the power to challenge the Defendant's assertion that this Court has removal jurisdiction, and Plaintiff now does so. The Court must begin by assuming that the Court lacks jurisdiction, and Defendant must now prove that removal is proper legally, factually, substantively, and procedurally.

## A. DEFENDANT'S ASSERTION THAT COMPLETE DIVERSITY EXIST IS BASED ON PURE SPECULATION.

The Defendant cannot demonstrate diversity of citizenship exists between parties or that the amount in controversy exceeds the $75,000 threshold based on the face of the pleadings, and removal was therefore improper. See *Williams v. Bestbuy*, 279 F 3d 967 (11th Cit. 2001) (holding removal is only proper only if it is "facially

apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.") If the defendant is unable to meet the burden in its opposition to Plaintiff's position, then the action needs to be remanded.

Defendant's removal assumes that the address on the purchase contract is equivalent to showing that Plaintiff is domiciled in California. However, a natural person's domicile is the place a person resides with the *intent* to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).  Residency alone does not establish a person's domicile. *Id.* (finding "absent and unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); see also *Bradford v. Mitchell Bros. Truck Lines*, 217 F. Supp. 525, 527 (N.D. Cal. 1963) (holding that an allegation of diversity of citizenship cannot be based on "information and belief").

The sales contract that was signed with the purchase of the vehicle in 2014 did not establish Plaintiff's domicile because it failed to establish the requisite intent as well as the Plaintiff's residence at the time this action was commenced on January 18, 2021. See *Kanter*, 265 F.3d. at 857. Defendant is speculating as to the domicile of the Plaintiff based on the address at the time of purchase. The address listed in the purchase agreement is an address of residency for purposes of writing a sales contract; there are no specific facts supporting Defendant's assumption that the address listed is

where the plaintiff intends to remain. Plaintiff has not made any statements regarding

his intent to stay in California or whether he intends to move in the future.

## B. FACTS DO NOT SUPPORT THE SPECULATIVE CONCLUSION THAT AMOUNT IN CONTROVERSY EXCEEDS $75,000.

Furthermore, Defendant cannot demonstrate that the amount in controversy

exceeds $75,000. The court should ignore the speculative civil penalties as well as the

attorney fees when determining if the amount in controversy is met.  With regard to

the underling damages, Plaintiff is asking for a rescission of the contract and

reimbursement of the money paid towards the purchase of the vehicle. Payments to be

made towards the vehicle do not exceed $75,000.  As described above, the total of all

payments on the vehicle is only $30,672, well below the jurisdictional threshold.   The

only basis for arguing that the jurisdictional threshold is met is by appending

speculative claims regarding the amounts of attorney's fees and civil penalties.

However, such speculation cannot form the basis of jurisdiction.

Although statutory fees may be factored into the calculation of the amount in

controversy, Defendant still bears the burden of demonstrating that such fees, added to

the other amounts of potential recovery, will exceed $75,000.  Where the amount is

not clear from the face of the complaint, the Court may require summary judgement

type evidence be produced. See *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156

(9th Cir. 1998); *Kroske v US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

However, "[s]uch calculations should be conservative estimates. *Garcia v. ACE Cash*

PLAINTIFF LETICIA DELGADILLO'S MOTION FOR REMAND AND
DECLARATION OF LAUREN M. BRADSHAW

*Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 U.S. Dist. LEXIS 76351, at

*14 (C.D. Cal. May 30, 2014). Thus, Defendants must present some specific evidence

demonstrating a likelihood that the attorney's fees will push the amount in

controversy over $75,000, based on "conservative estimates."

Further, although some courts, have found that civil penalties should be

included in calculation, "many other district courts… have found that civil penalties

should not be included unless the removing defendant makes some showing regarding

the possibility of civil damages." *Savall v. FCA US LLC*, No. 21cv195 JM (KSC),

2021 U.S. Dist. LEXIS 81477, at *7 (S.D. Cal. Apr. 28, 2021), *citing, Barrett v. FCA*

*US LLC,* Case No. SA CV 21-00243-DOC-DFMx, 2021 U.S. Dist. LEXIS 66899,

2021 WL 1263838, at *3 (C.D. Cal. Apr. 5, 2021) (declining to include "speculative"

civil penalties in the amount in controversy); *Esparza v. FCA US LLC,* Case No. 2:21-

cv-01856-RGK-MRW, 2021 U.S. Dist. LEXIS 46988, 2021 WL 949600, at *1 (C.D.

Cal. Mar. 12, 2021) (declining to include speculative civil penalties because they are

to be determined by the court based on the specific facts of the case); *Khachatryan v.*

*BMW of N. Am., LLC*, No. CV 21-1290 PA (PDx), 2021 U.S. Dist. LEXIS 46026

(C.D. Cal. Mar. 10, 2021), at *2 (defendant must show a two times civil penalty is

more likely than not to be awarded); *Estrada v. FC US LLC*, Case No. CV 20-10453

PA (JPRx), 2021 U.S. Dist. LEXIS 12394, 2021 WL 223249, at *3 (C.D. Cal. Jan. 21,

2021) (defendant must make some effort to justify the assumption of civil penalties);

*Echemendia v. Subaru of Am., Inc.,* Case No. 2:20-cv-09243-MCS-JEM, 2020 WL

7311348, at *2 (faulting the defendant for failing to cite any "allegations suggesting the type of willfulness required to justify civil penalties, let alone . . . . how much those penalties might be"); *Ronquillo v. BMW of N. Am., LLC*, Case No.: 3:20-cv-1413-W-WVG, 2020 U.S. Dist. LEXIS 215398, 2020 WL 6741317, at *3 (S.D. Cal. Nov. 17, 2020) ("Defendant fails to identify the allegations in the Complaint it believes would justify such an award; nor does Defendant submit evidence regarding the size of civil penalties awarded in analogous cases."); *Millan v. FCA US LLC*, Case No.: 20cv328 JM (MDD), 2020 U.S. Dist. LEXIS 117280, 2020 WL 3604132, at *1 (S.D. Cal. July 2, 2020).

As the above cases make clear, the court should not include speculative items, such as civil penalties or attorney's fees in the calculation of the amount in controversy unless the defendants present specific facts showing that civil penalties are likely to be at issue in the case, and that the amounts are, in fact, likely to exceed the necessary amount.

A defendant who is attempting to remove a case to Federal Court, "may not meet its burden by simply reciting some 'magical incantation' to the effect that 'that matter in controversy exceeds the sum of $75,000,' but instead must set forth in the removal petition the underlying facts supports in its assertion that the amount in controversy exceeds $75,000." *Richmond v Allstate Ins. Co*., 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc*., 980 F.2d 564, 567 (9th Cit. 1992)). If the plaintiff did not allege an amount in controversy over $75,000, or if Plaintiff

alleges an affirmative amount less than $75,000, defense has the burden to show by a preponderance of evidence that the amount in controversy is met and satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010).

Defendant has simply used the total purchase price in the purchase contract, presumed and speculated that civil penalties will be granted, and speculated on the attorney fees to make a presumption that the amount in controversy exceeds $75,000. This is not sufficient to establish jurisdiction.

## IV. CONCLUSION

"Federal jurisdiction must be rejected is there is any doubt as to the right of removal." *Gaus v. Miles*, 80 F.2d 564, 566 (9th Cir. 1992.) There is a strong presumption against removal jurisdiction and all ambiguity is resolved in favor of remand. *Hunter v Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  Based on the above principles and the facts herein, the matter should be remanded to the state superior court.

Dated: July 23, 2021                    **NEALE & FHIMA, LLP**


By: *Lauren Bradshaw*
Aaron D. Fhima, Esq.
Lauren M. Bradshaw, Esq.
Attorneys for Plaintiff,
*LETICIA DELGADILLO*

PLAINTIFF LETICIA DELGADILLO'S MOTION FOR REMAND AND
DECLARATION OF LAUREN M. BRADSHAW

**NEALE & FHIMA, LLP**
MATTHEW E. NEALE, ESQ. (SBN 74036)
matthew@nealfhima.com
AARON D. FHIMA, ESQ. (SBN 296408)
aaron@nealefhima.com
LAUREN M. BRADSHAW, ESQ. (SBN 319111)
laurenbradshaw@nealefhima.com
34188 Pacific Coast Highway
Dana Point, CA 92629
Telephone: (949) 661-1007
Facsimile: (949) 661-3619

Attorneys for Plaintiff,
*LETICIA DELGADILLO*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFONRIA

| | |
|---|---|
| LETICIA DELGADILLO, an individual,<br><br>　　　　Plaintiff,<br><br>　　　　　v.<br><br>FCA US LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.: 5:21-cv-01054<br><br>**DECLARATION OF LAUREN M. BRADSHAW IN SUPPORT OF MOTION FOR REMAND**<br><br>Date: August 23, 2021<br>Time: 10:00 a.m.<br>Dept: 5A |

### Declaration of Lauren M. Bradshaw, Esq.

I, Lauren M. Bradshaw, declare:

1.　　　I have first-hand personal knowledge of the following facts and, called, could and would testify competently to the same. I am an attorney licensed to practice law in the state of California and before this court, The Central District of California.  I am an attorney of the law at the firm Neale & Fhima, LLP, attorney of record for the

Plaintiff herein.

2.      On July 15, 2021, after further review and investigation, I determined that the amount in controversy Defendant asserts for removal was based on speculating what attorney fees might be, speculating whether civil penalties would be awarded, and speculating to the total amount of the purchase contract rather than the actual amount paid by Plaintiff.

3.      After further review and investigation, I found that the Defendants assertion that Plaintiff is domiciled in California was based on speculation based on the address listed on a purchase contract for a motor vehicle.

4.      On July 15, 2021 at 12:36 P.M., I met and conferred via email correspondence with opposing counsel regarding the motion for remand.  There was no response from Defendants.  As such, this motion has become necessary.

5.      Exhibit A is a copy of the Complaint filed on April 16, 2021 in San Bernardino County Superior Court.

6.      Exhibit B is the Proof of Service of Summons served on Defendant on May 24, 2021.

7.      Exhibit C is a copy of the Notice of Removal filed on June 23, 2021 by Defendant.

8.      Exhibit D is a copy of the purchase agreement.

9.      Exhibit E is a copy of Plaintiff counsel's email correspondence to opposing counsel regarding the motion for remand.

10.     The foregoing is true and correct under penalty of perjury under the laws of the United States and the state of California.


 Dated: July 23, 2021


                                  By: _Lauren Bradshaw_____
                                  Lauren M. Bradshaw, Esq.

PLAINTIFF LETICIA DELGADILLO'S MOTION FOR REMAND AND
DECLARATION OF LAUREN M. BRADSHAW

# EXHIBIT "A"

**NEALE & FHIMA, LLP**
MATTHEW E. NEALE, ESQ. (SBN 74036)
matthew@nealfhima.com
AARON D. FHIMA, ESQ. (SBN 296408)
aaron@nealefhima.com
LAUREN M. BRADSHAW, ESQ. (SBN 319111)
laurenbradshaw@nealefhima.com
34188 Pacific Coast Highway
Dana Point, CA 92629
Telephone: (949) 661-1007
Facsimile: (949) 661-3619

Attorneys for Plaintiff,
*LETICIA DELGADILLO*

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| LETICIA DELGADILLO, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT** |
| v. | |
| FCA US LLC, a limited liability company; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff, LETICIA DELGADILLO ("Plaintiff"), alleges a cause of action against Defendant, FCA US LLC ("Defendant"), as follows:

1.  Plaintiff is and at all times mentioned herein was, a competent adult.

2.  Plaintiff is informed and believes and thereupon alleges that defendant is a limited liability company that does business throughout the state of California, including San Bernardino.

3.  The true names and capacities of Defendant DOES 1 THROUGH 10, INCLUSIVE, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of the filing of this Complaint, and Plaintiff therefore sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show said Defendants true names and capacities

1

when the same have been ascertained. Plaintiff is informed and believes and thereupon alleges that each of the Defendants designated as a Doe is, in some manner, factually and legally responsible for the events and happenings surrounding the incident as herein set forth, and said Defendants thereby directly and proximately caused personal injury and harm to Plaintiff.

4.   On or about June 22, 2014, Plaintiff purchased a 2013 Dodge Dart vehicle, VIN: 1C3CDFCH5DD325249 ("Subject Vehicle") from Moss Bros Chrysler Jeep Dodge San Bernardino in San Bernardino, California.

5.   Plaintiff is a "buyer" under the Song-Beverly Consumer Warranty Ave, Civil Code §1790 *et Seq.* (the "Act").

6.   The Subject Vehicle is a new motor vehicle that was purchased primarily for personal, family, or household purposes or it is a new motor vehicle with a gross vehicle weight under 10,000 pounds that was purchased or used primarily for business purposes by an entity to which not more than five motor vehicles are registered in this state.  The Subject Vehicle is a "new motor vehicle" under the Act.

7.   Defendant manufactures, assembles, or produces consumer goods. Defendant is a "manufacturer" under the Act.

8.   Moss Bros Chrysler Jeep Dodge San Bernardino, where Plaintiff purchased the Subject Vehicle, is engaged in the business of distributing or selling consumer goods at retail.

9.   Upon Plaintiff's purchase of the Subject Vehicle, Defendant issued an express warranty to Plaintiff, which Defendant undertook to preserve or maintain the utility or performance of the Subject Vehicle.

10. Defendant's express warranty was integral to Plaintiff's purchase of the Subject Vehicle.

11. Since purchasing the Subject Vehicle, Plaintiff has delivered the Subject Vehicle for repair to Defendant or its authorized repair facility(s) no less than seven (7) times for repair of nonconformity(s) to warranty, including, but not limited to defect(s) which have manifested in: malfunctioning of the radio, the FM/AM radio failing intermittently so no noise comes out of the speakers, the radio playing static, the radio failing to play any sound when it is hot outside, the radio cutting out, being unable to change the radio station, the radio producing low quality sounds, the radio "FM" function failing to operate when it is hot outside or when driving over 80 miles per hour,

the air conditioner blowing hot and humid air when it is hot outside, the battery failing, the vehicle not starting, the odometer flashing at all times, and a rubbing/squeaking noise occurring when turning steering wheel.  Said nonconformity(s) have substantially impaired the vehicle's use, value, and/or safety to Plaintiff.

12. On each occasion Plaintiff delivered the Subject Vehicle for repair to Defendant or its authorized repair facility(s), the vehicle was returned to Plaintiff without properly repairing the nonconformity(s).

13. Defendant or its authorized repair facility(s) have failed to service or repair the Subject Vehicle to warranty after a reasonable number of attempts; begin repairs within a reasonable time; and/or complete repairs within thirty (30) days so as to conform to the applicable warranties.

14. The Subject Vehicle was not fit for the ordinary purposes for which such goods are used and was not of the same quality as those generally acceptable in the trade.

15. The implied warranty of merchantability means and includes that the goods will comply with each of the following requirements: (1) they would pass without objection in the trade under the contract description; (2) they are fit for the ordinary purposes for which such goods are used; (3) they are adequately contained, packaged, and labeled; and (4) they conform to the promises or affirmations of fact made on the container or label.

16. Defendant breached the implied warranty of merchantability.  Plaintiff is entitled to revoke acceptance of the Subject Vehicle under the Act.

17. By Defendant failing to repair the nonconformity(s) as alleged above, or to make restitution or to replace the Subject Vehicle, Defendant is in violation of its obligation under the Act.

18. Plaintiff is informed and believes and thereupon alleges that Defendant's refusal to replace the vehicle or make restitution to Plaintiff was willful and not the result of a good faith and reasonable belief that the facts imposing said statutory obligation were absent.

19. Pursuant to the Act, Plaintiff is entitled to restitution in an amount equal to the actual price paid or payable by Plaintiff and collateral charges such as sales tax, license fees, registration fees, and other official fees less an amount directly attributable to use by Plaintiff prior to the time Plaintiff first delivered the vehicle for repair.

/ / /

20. Plaintiff is entitled to recover incidental, consequential, and general damages, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by Plaintiff.

21. Plaintiff is entitled to recover a civil penalty up to two times the amount of actual damages for Defendant's willful refusal to comply with its statutory obligations under the Act.

22. Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses including attorney's fees based on actual time expended and reasonably incurred in connection with the commencement and prosecution of this action.

PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANT AS FOLLOWS:

1.     For actual damages, including collateral charges, and incidental, consequential, and general damages.  To date, such damages include, but are not limited to, in amounts according to proof, down payment, monthly payments to date, plus vehicle registration, additional monthly finance payments, vehicle loan payoff, repair expense(s), rental expenses, expenses inadvertently omitted herein, and other future expenses reasonably incurred by Plaintiff in connection with this action; and

2.     For a civil penalty under the Act, equal up to two times the amount of actual damages;

3.     For rescission of the contract and restitution of consideration;

4.     For prejudgment interest on said sum from date of rescission;

5.     For attorney's fees and costs of suit reasonably incurred in connection with the commencement and prosecution of this action; and

6.     For such other and further relief as the court deems proper.


 Dated: April 15, 2021                              **NEALE & FHIMA, LLP**



                                                    By: _Lauren Bradshaw_____
                                                    Aaron D. Fhima, Esq.
                                                    Lauren M. Bradshaw, Esq.
                                                    Attorneys for Plaintiff,
                                                    *LETICIA DELGADILLO*

# EXHIBIT B

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Lauren Bradshaw, 319111<br>Neale & Fhima, LLP<br>34188 Pacific Coast Hwy<br>Dana Point, CA 92629<br>**TELEPHONE NO.:** (949)661-1007<br>ATTORNEY FOR *(Name):* Plaintiff | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
Superior Court of California, San Bernardino County
247 West 3rd St
San Bernardino, CA 92401

| PLAINTIFF/PETITIONER: Leticia Delgadillo, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: FCA US LLC, et al. | CIVSB2112756 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Leticia Delgadillo |
|---|---|

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Complaint, Civil Case Cover Sheet, Summons, Certificate of Assignment, Notice of Trial Setting Conference and Notice of Case Assignment, Initial Trial Setting Conference Statement

3. a. Party served: FCA US LLC, a limited liability company

   b. Person Served: CT Corp - Gabriela Sanchez - Person Authorized to Accept Service of Process

4. Address where the party was served: 818 West Seventh Street, Suite 930
   Los Angeles, CA 90017
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 05/24/2021          (2) at (time): 12:30PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   FCA US LLC, a limited liability company
   under: Other: Limited Liability Company
7. **Person who served papers**
   a. Name:          Jimmy Lizama
   b. Address:       One Legal - P-000618-Sonoma
                     1400 North McDowell Blvd, Ste 300
                     Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
        (3)  registered California process server.
             (i)  Employee or independent contractor.
             (ii) Registration No.: 4553
             (iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 05/24/2021

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>OL# 16170957 |
|---|---|---|

EXHIBIT "C"

1 Michael J. Gregg (SBN 321765)
Mark W. Skanes (SBN 322072)
2 **ROSEWALDORF LLP**
100 Oceangate, Suite 300
3 Long Beach, California 90802
Telephone:    (518) 869-9200
4 Facsimile:    (518) 869-3334
Email: mgregg@rosewaldorf.com
5        mskanes@rosewaldorf.com

6 Attorneys for Defendant FCA US LLC

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF SAN BERNARDINO**

10

11 | LETICIA DELGADILLO, an individual, | Case No.: CIVSB2112756 |

12 |                Plaintiff, | Judge: Hon. Brian S. McCarville |
|  | Dept:  S30-SBJC |

13 |        vs. |  |

14 | FCA US LLC, a limited liability company; and | **DEFENDANT FCA US LLC'S NOTICE OF FILING OF REMOVAL** |
DOES 1 through 10, inclusive,

15 |  | Action Filed:   April 16, 2021 |
|                Defendants. | Trial Date:     Unassigned |

16

17

18

19            Defendant FCA US LLC hereby provides notice that this action has been removed to the United

20 States District Court for the Central District of California, pursuant to 28 U.S.C §§ 1332, 1441 and 1446.

21 A copy of the Notice of Removal is attached hereto as Exhibit "A."

22            This action is now removed to the aforementioned United States District Court and the Superior

23 Court of the State of California for the County of San Bernardino shall proceed no further in this matter.

24

25 Dated: June 23, 2021               **ROSEWALDORF LLP**

26

27                                By: _____
                                   Michael J. Gregg

28                                   Mark W. Skanes
                                   Attorneys for Defendant FCA US LLC
                                        1

# EXHIBIT A

Michael J. Gregg (SBN 321765)
Mark W. Skanes (SBN 322072)
**ROSEWALDORF LLP**
100 Oceangate, Suite 300
Long Beach, California 90802
Telephone: (518) 869-9200
Facsimile: (518) 869-3334
Email: mgregg@rosewaldorf.com
        mskanes@rosewaldorf.com

Attorneys for Defendants FCA US LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA DELGADILLO, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>FCA US LLC, a limited liability company;<br>and DOES 1 through 10, inclusive,<br><br><br>    Defendants. | Case No.: 5:21-cv-01054<br><br>(Removed from San Bernardino Superior Court, Case No. CIVSB2112756)<br><br>**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL** |

## <u>NOTICE OF REMOVAL</u>

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant FCA US LLC ("FCA US"), by its counsel, ROSEWALDORF LLP, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, based upon diversity of citizenship, the claims pending as Case No. CIVSB2112756 of the Superior Court of California, County of San Bernardino. In support of this removal, FCA US states as follows:

/ / /

## I.    **THE REMOVED CASE**

1.       The removed case is a civil action commenced in the Superior Court of California, County of San Bernardino, by Plaintiff LETICIA DELGADILLO ("Plaintiff") against FCA US, entitled *LETICIA DELGADILLO vs. FCA US LLC, a limited liability company and DOES 1 through 10, inclusive,* Case No. CIVSB2112756 (the "State Action"). The named Defendant is FCA US.

2.       Plaintiff filed the State Action on April 16, 2021, asserting claims against Defendant FCA US for violation of California's Song-Beverly Consumer Warranty Act (Compl., Exhibit "A" to the Declaration of Michael J. Gregg ["Gregg Decl."], served and filed herewith.)

3.       Pursuant to 28 U.S.C. § 1332, a federal district court will have original jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ." A corporation is deemed a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c).

## II.    **PROCEDURAL REQUIREMENTS**

4.       Generally, a defendant has thirty (30) days from the date of service of a copy of the complaint to remove a case. 28 U.S.C § 1446(b). FCA US was first served with a copy of the Complaint on May 24, 2021. (Gregg Decl. ¶ 6; Service of Process Transmittal, Exhibit "B" to Gregg Decl.) Therefore, this Notice of Removal is timely filed.

5.       Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in FCA US's possession are contained in Exhibits A–D filed herewith. (Gregg Decl. ¶¶ 5–8).

6.       Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the State Action has been pending.

7. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of San Bernardino, promptly after filing of same in this Court.

8. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

9. If any question arises as to the propriety of the removal of this action, FCA US requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of FCA US' right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defenses available under state or federal law.

## III. THE AMOUNT IN CONTROVERSY FOR DIVERSITY JURISDICTION IS MET

11. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

12. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart, supra*, at 553.

13.     Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.,* 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). A defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount.  Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.*  Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, *supra,* at 1195.  At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego, supra,* at 691. (internal citation omitted).

14.     FCA US disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, FCA US can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

15.     In the Complaint, Plaintiff seeks monetary relief.  Plaintiff asserts claims for breach of express and implied warranties, and for violation of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq.*) based upon alleged defects in a 2013 Dodge Dart (*see* Compl., *generally*).

16.     Specifically, Plaintiff alleges that on or about June 22, 2014, she purchased a 2013 Dodge Dart, VIN: 1C3CDFCH5DD325249 ("vehicle") (Compl., ¶ 4), and that "[s]ince purchasing the Subject Vehicle, Plaintiff has delivered the Subject Vehicle for repair to Defendant or its authorized repair facility(s) . . . for repair of nonconformity(s) to warranty," (Compl., ¶ 11).  Plaintiff further alleges that "Defendant or its authorized repair facility(s) have failed to service or repair the Subject Vehicle to warranty after a reasonable number of attempts" (Compl., ¶ 13).

17.    Plaintiff seeks actual damages, "restitution," incidental and consequential damages, and reasonable attorney's fees and costs (Compl., ¶ prayer). *See* Cal.Civ. Code §§ 1793.2, 1794(b)(2). Plaintiff also seeks a "civil penalty under the Act, equal up to two times the amount of actual damages" (Compl., prayer).  *See* Cal.Civ.Code § 1794(c).

18.    Where, like here, a claim is asserted under the Song-Beverly Warranty Act, the court may consider actual damages and civil penalties under the Song-Beverly Warranty Act in determining the amount in controversy.  *See Brady v. Mercedes-Benz USA, Inc.,* 243 F.Supp.2d 1004, 1009 (N.D.Cal. 2002); *Lawrence v. FCA US LLC,* 2016 WL 5921059 (C.D.Cal. 2016) (holding that defendant's calculation of the amount in controversy properly included actual damages and civil penalties).  In addition, this Court may also consider reasonable estimates of attorneys' fees in calculating the amount in controversy.  *See Alvarado v. FCA US LLC*, 2017 WL 2495495 (C.D.Cal. 2017), citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998)*; Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007).  The Song-Beverly Act allows for the recovery of attorneys' fees, which commonly exceed $35,000 (Gregg Decl. ¶¶ 11–13).

19.    In this case, Plaintiff seeks actual damages, restitution damages, incidental and consequential damages, and reasonable attorneys' fees and costs (Compl., ¶ prayer). Plaintiff is allegedly seeking a minimum of $26,350.10 in restitution which is calculated as the total amount paid for the vehicle ($26,464.81) (*see* Retail Installment Contract, Line 5, Exhibit "F" to Gregg Decl.), less a reasonable allowance for use in the amount of $114.71.[1] *See* Cal.Civ.Code § 1793.2(d)(2)(B).

20.    A civil penalty of two times the claimed actual damages would equal $52,700.20.  Taken together, Plaintiff's claims for actual damages and a civil penalty equals $79,050.30, even before considering unspecified incidental and consequential

---

[1] This amount is equal to the number of miles at the time of the first complaint divided by 120,000 multiplied by the purchase price ($18,551.00). (Retail Installment Sales Contract, Line 1.A, Ex. "F" to Gregg Decl.). The vehicle had 15,983 miles at delivery. (*Id.*). Defendant anticipates that Plaintiff will allege the first complaint occurred on July 17, 2014 at 16,725 miles. Therefore, the mileage deduction would be $114.71.

damages or attorneys' fees, which commonly exceed \$35,000 in Song-Beverly cases (Gregg Decl., ¶ 12).

21.     Based upon the foregoing, the total amount in controversy exceeds \$75,000 and removal is proper.

## IV.   COMPLETE DIVERSITY EXISTS

22.     The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants.  Any instance of common citizenship prevents federal diversity jurisdiction.  For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001). A party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent.  *See, e.g.*, *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

23.     A corporation, on the other hand, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  *See* 28 U.S.C. §1332(c)(1).  A corporation's principal place of business refers to the place where its high-level officers "direct, control, and coordinate the corporation's activities."  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members."  *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) cited by *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) and *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

24.     A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of Plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable . . . ."  *See* 28 U.S.C. §1446(b)(3).

25.     As noted above, a party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. *See, e.g.*, *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). "It is assumed … that a person's current residence is also his domicile." 13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §3612 (3d. ed. 2013).

26.     Plaintiff is, and was at the time of filing of the Complaint, a citizen and resident of Fontana, California. (Gregg Decl., ¶ 10 & Exhibit "F" [demonstrating Plaintiff's domicile in San Bernardino, California]; *Ervin v. Ballard Marine Constr., Inc.*, No. 16-cv-02931-WHO, 2016 WL 4239710, at *3-4 (N.D.Cal. 2016) [internal citations omitted] (Plaintiff's complaint stated only that he was a resident of Oregon, it made no statement as to Plaintiff's citizenship. The Court found that for diversity purposes a plaintiff is a citizen of the state in which he or she resides in the absence of evidence to the contrary.)).

27.     FCA US is, and was at the time Plaintiff commenced this action, a limited liability company organized under Delaware law with its principal place of business in Michigan. (Excerpt from FCA's 2014 Form 10-K filing; Exhibit E to Gregg Decl.; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). The sole member of FCA US is FCA North America Holdings LLC, a limited liability company organized under Delaware law with its principal place of business in Michigan. (*see also* FCA US's Certification & Notice of Interested Parties.) The sole member of FCA North America Holdings LLC is FCA Holdco B.V. (Besloten Vennootschap), a company organized under the laws of the Netherlands with its principal place of business in London, United Kingdom. (*Id.*) FCA Holdco B.V. is one hundred percent owned by Stellantis N.V. (formerly known as Fiat Chrysler Automobiles N.V.), which is a publicly traded company organized under the laws of the Netherlands (*Id.*). Stellantis N.V. (formerly known as Fiat Chrysler Automobiles N.V.)

is a publicly traded company organized under the laws of the Netherlands with its principal place of business at Singaporestraat 921175 RA Lijnden, Netherlands (*Id*.).

28.     Accordingly, diversity existed between Plaintiff and FCA US as of the time this action was filed, as well as the date of this notice. *See Salveson v. Western State Bank Card Assn.*, 731 F.2d 1423 (9th Cir. 1984).

## V.     <u>CONCLUSION</u>

29.     The State Action may be removed to this Court by FCA US in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (ii) the action involves diversity jurisdiction because the parties are citizens of different states, and (iii) the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

Dated: June 23, 2021                    **ROSEWALDORF LLP**


                                        By: s/Michael J. Gregg
                                        Michael J. Gregg
                                        Mark W. Skanes
                                        Attorneys for Defendant FCA US LLC

1  Michael J. Gregg (SBN 321765)
2  Mark W. Skanes (SBN 322072)
   **ROSEWALDORF LLP**
3  100 Oceangate, Suite 300
   Long Beach, California 90802
4  Telephone:  (518) 869-9200
   Facsimile:   (518) 869-3334
5  Email: mgregg@rosewaldorf.com
              mskanes@rosewaldorf.com
6
   Attorneys for Defendants FCA US LLC
7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11  LETICIA DELGADILLO, an individual,        Case No.: 5:21-cv-01054

12              Plaintiff,                     (Removed from San Bernardino
                                              Superior Court, Case No.
13       vs.                                  CIVSB2112756)

14  FCA US LLC, a limited liability company;  **DECLARATION OF MICHAEL J.
    and DOES 1 through 10, inclusive,         GREGG IN SUPPORT OF FCA
15                                            US LLC'S NOTICE OF
                                             REMOVAL OF ACTION
16                                            PURSUANT TO 28 U.S.C. §§ 1332,
                Defendants.                   1441, AND 1446**
17

18

19

20       I, Michael J. Gregg, declare:

21       1.     I am an attorney duly licensed to practice law before all of the courts of the

22  State of California and the United States District Court for the Central District of

23  California, and I am a partner with ROSEWALDORF LLP, attorney of record for

24  Defendant FCA US LLC ("FCA US") in this action. I am a member in good standing

25  with the State Bar of California.

26       2.     I have personal knowledge of the following facts, except for those based

27  upon information and belief, which I believe to be true, and if called upon to testify, I

28
                                          1

1  would and could competently testify to their truth and accuracy.

2      3.     This Declaration is submitted in support of FCA US LLC's Notice of

3  Removal to the United States District Court for the Central District of California under

4  27 U.S.C. §§ 1332, 1441, and 1446.

5      4.     In executing this Declaration, I do not intend, and FCA US has not

6  authorized me, to waive any protections or privileges FCA US may have as to

7  proprietary, trade secret and/or confidential information, or to waive FCA US' attorney-

8  client privilege as to any of its communications or to waive the work product immunity

9  developed in anticipation of or in response to litigation.  I intend only to describe certain

10  factual matters that are pertinent to this Declaration.

11      5.     Attached hereto as Exhibit "A" are true and correct copies of the Summons

12  and Complaint filed by Plaintiff LETICIA DELGADILLO ("Plaintiff") on April 16,

13  2021.

14      6.     Pursuant to the Service of Process Transmittal, FCA US was first served

15  with the Complaint on May 24, 2021. Attached hereto as Exhibit "B" is a true and correct

16  copy of the Service of Process Transmittal.

17      7.     Attached hereto as Exhibit "C" is a true and correct copies of the Civil Case

18  Cover Sheet, Notice of Case Assignment, and Notice of Trial Setting Conference.

19      8.     Attached hereto as Exhibit "D" is a true and correct copy of FCA US'

20  Answer to Plaintiff's Complaint with Proof of Service, filed and served on June 23, 2021.

21      9.     Attached as Exhibit "E" is a true and correct copy of an excerpt from FCA

22  US's 2014 Form 10-K filing.

23      10.     Upon information and belief, the attached Exhibit "F" is a true and correct

24  copy of the Retail Installment Sale Contract between Plaintiff LETICIA DELGADILLO

25  and Moss Bros CJD San Bernardino for the vehicle which is the subject of this action.

26      11.     I have extensive experience litigating breach of warranty claims throughout

27  the United States, in both state and federal courts.  Toward that end, I am lead trial

28  counsel on a significant number of litigation-related matters on behalf of FCA US LLC

DECLARATION OF MICHAEL J. GREGG IN SUPPORT OF FCA US LLC'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

and other auto manufacturers and warrantors, involving claimed violations of the Song-Beverly Act and the Magnuson-Moss Act.

12.     The Song-Beverly Act allows for the recovery of attorneys' fees and costs to the prevailing party pursuant to California Civil Code section 1794(d).   In my experience litigating such cases, claims for attorneys' fees through litigation commonly exceed $35,000.00.   In sum, the attorneys' fee and cost payments tendered (or for judgments entered) to the consumer's counsel routinely adds significant financial exposure to an automotive manufacturer and is a recoverable element of damages in lawsuits involving the Song-Beverly Act.

13.     Based upon my experience and knowledge of litigating these cases involving claimed violations of the Song-Beverly Act, the amount in controversy in this case is more likely than not to exceed $75,000.00.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 23rd day of June, 2021.


By: s/Michael J. Gregg_____
    Michael J. Gregg, Esq.

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FCA US LLC, a limited liability company; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LETICIA DELGADILLO, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 1 9 2021

BY _____
ANTHONY MARTINEZ, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Bernardino Justice Center<br>247 West 3rd Street<br>San Bernardino, CA 92415 | CASE NUMBER:<br>*(Número del Caso):*<br>CIVSB 2 1 1 2 7 5 6 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lauren Bradshaw, Neale & Fhima LLP, 34188 Pacific Coast Highway, Dana Point, CA 92629, 949-661-1007

| DATE:<br>*(Fecha)* MAY 1 9 2021 | Clerk, by<br>*(Secretario)* Anthony Martinez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

COPY

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* FCA US LLC, a limited liability company

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Corporation Code: 17061 (Limited Liability Company)

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**NEALE & FHIMA, LLP**
MATTHEW E. NEALE, ESQ. (SBN 74036)
matthew@nealfhima.com
AARON D. FHIMA, ESQ. (SBN 296408)
aaron@nealefhima.com
LAUREN M. BRADSHAW, ESQ. (SBN 319111)
laurenbradshaw@nealefhima.com
34188 Pacific Coast Highway
Dana Point, CA 92629
Telephone: (949) 661-1007
Facsimile: (949) 661-3619

Attorneys for Plaintiff,
*LETICIA DELGADILLO*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 16 2021

BY _____
ANTHONY MARTINEZ, DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| LETICIA DELGADILLO, an individual, | Case No.: CIV SB 2 1 1 2 7 5 6 |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT** |
| v. | |
| FCA US LLC, a limited liability company; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff, LETICIA DELGADILLO ("Plaintiff"), alleges a cause of action against Defendant, FCA US LLC ("Defendant"), as follows:

1. Plaintiff is and at all times mentioned herein was, a competent adult.

2. Plaintiff is informed and believes and thereupon alleges that defendant is a limited liability company that does business throughout the state of California, including San Bernardino.

3. The true names and capacities of Defendant DOES 1 THROUGH 10, INCLUSIVE, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of the filing of this Complaint, and Plaintiff therefore sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show said Defendants true names and capacities

1   when the same have been ascertained. Plaintiff is informed and believes and thereupon alleges that
2   each of the Defendants designated as a Doe is, in some manner, factually and legally responsible for
3   the events and happenings surrounding the incident as herein set forth, and said Defendants thereby
4   directly and proximately caused personal injury and harm to Plaintiff.
5       4.  On or about June 22, 2014, Plaintiff purchased a 2013 Dodge Dart vehicle, VIN:
6   1C3CDFCH5DD325249 ("Subject Vehicle") from Moss Bros Chrysler Jeep Dodge San Bernardino
7   in San Bernardino, California.
8       5.  Plaintiff is a "buyer" under the Song-Beverly Consumer Warranty Ave, Civil Code §1790 *et
9   Seq.* (the "Act").
10      6.  The Subject Vehicle is a new motor vehicle that was purchased primarily for personal,
11  family, or household purposes or it is a new motor vehicle with a gross vehicle weight under 10,000
12  pounds that was purchased or used primarily for business purposes by an entity to which not more
13  than five motor vehicles are registered in this state.  The Subject Vehicle is a "new motor vehicle"
14  under the Act.
15      7.  Defendant manufactures, assembles, or produces consumer goods. Defendant is a
    "manufacturer" under the Act.
16      8.  Moss Bros Chrysler Jeep Dodge San Bernardino, where Plaintiff purchased the Subject
17  Vehicle, is engaged in the business of distributing or selling consumer goods at retail.
18      9.  Upon Plaintiff's purchase of the Subject Vehicle, Defendant issued an express warranty to
19  Plaintiff, which Defendant undertook to preserve or maintain the utility or performance of the
20  Subject Vehicle.
21      10. Defendant's express warranty was integral to Plaintiff's purchase of the Subject Vehicle.
22      11. Since purchasing the Subject Vehicle, Plaintiff has delivered the Subject Vehicle for repair to
23  Defendant or its authorized repair facility(s) no less than seven (7) times for repair of
24  nonconformity(s) to warranty, including, but not limited to defect(s) which have manifested in:
25  malfunctioning of the radio, the FM/AM radio failing intermittently so no noise comes out of the
26  speakers, the radio playing static, the radio failing to play any sound when it is hot outside, the radio
27  cutting out, being unable to change the radio station, the radio producing low quality sounds, the
28  radio "FM" function failing to operate when it is hot outside or when driving over 80 miles per hour,

COMPLAINT FOR VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT

the air conditioner blowing hot and humid air when it is hot outside, the battery failing, the vehicle not starting, the odometer flashing at all times, and a rubbing/squeaking noise occurring when turning steering wheel. Said nonconformity(s) have substantially impaired the vehicle's use, value, and/or safety to Plaintiff.

12. On each occasion Plaintiff delivered the Subject Vehicle for repair to Defendant or its authorized repair facility(s), the vehicle was returned to Plaintiff without properly repairing the nonconformity(s).

13. Defendant or its authorized repair facility(s) have failed to service or repair the Subject Vehicle to warranty after a reasonable number of attempts; begin repairs within a reasonable time; and/or complete repairs within thirty (30) days so as to conform to the applicable warranties.

14. The Subject Vehicle was not fit for the ordinary purposes for which such goods are used and was not of the same quality as those generally acceptable in the trade.

15. The implied warranty of merchantability means and includes that the goods will comply with each of the following requirements: (1) they would pass without objection in the trade under the contract description; (2) they are fit for the ordinary purposes for which such goods are used; (3) they are adequately contained, packaged, and labeled; and (4) they conform to the promises or affirmations of fact made on the container or label.

16. Defendant breached the implied warranty of merchantability. Plaintiff is entitled to revoke acceptance of the Subject Vehicle under the Act.

17. By Defendant failing to repair the nonconformity(s) as alleged above, or to make restitution or to replace the Subject Vehicle, Defendant is in violation of its obligation under the Act.

18. Plaintiff is informed and believes and thereupon alleges that Defendant's refusal to replace the vehicle or make restitution to Plaintiff was willful and not the result of a good faith and reasonable belief that the facts imposing said statutory obligation were absent.

19. Pursuant to the Act, Plaintiff is entitled to restitution in an amount equal to the actual price paid or payable by Plaintiff and collateral charges such as sales tax, license fees, registration fees, and other official fees less an amount directly attributable to use by Plaintiff prior to the time Plaintiff first delivered the vehicle for repair.

/ / /

1  20. Plaintiff is entitled to recover incidental, consequential, and general damages, including, but

2  not limited to, reasonable repair, towing, and rental car costs actually incurred by Plaintiff.

3  21. Plaintiff is entitled to recover a civil penalty up to two times the amount of actual damages for

4  Defendant's willful refusal to comply with its statutory obligations under the Act.

5  22. Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses

6  including attorney's fees based on actual time expended and reasonably incurred in connection with

7  the commencement and prosecution of this action.

8

9  PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANT AS FOLLOWS:

10  1.  For actual damages, including collateral charges, and incidental, consequential, and

general damages.  To date, such damages include, but are not limited to, in amounts according to

11  proof, down payment, monthly payments to date, plus vehicle registration, additional monthly finance

12  payments, vehicle loan payoff, repair expense(s), rental expenses, expenses inadvertently omitted

13  herein, and other future expenses reasonably incurred by Plaintiff in connection with this action; and

14  2.  For a civil penalty under the Act, equal up to two times the amount of actual damages;

15  3.  For rescission of the contract and restitution of consideration;

16  4.  For prejudgment interest on said sum from date of rescission;

17  5.  For attorney's fees and costs of suit reasonably incurred in connection with the

18  commencement and prosecution of this action; and

19  6.  For such other and further relief as the court deems proper.

20

21  Dated: April 15, 2021          **NEALE & FHIMA, LLP**

22

23

24  By: *Lauren Bradshaw*

Aaron D. Fhima, Esq.

25  Lauren M. Bradshaw, Esq.

Attorneys for Plaintiff,

26  *LETICIA DELGADILLO*

27

28

COMPLAINT FOR VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT

# EXHIBIT B

 **CT Corporation**

**Service of Process Transmittal**
05/24/2021
CT Log Number 539610751

TO: Melissa Gravlin
Fca US LLC
1000 CHRYSLER DR OFC OF
AUBURN HILLS, MI 48326-2766

RE: **Process Served in California**

FOR: FCA US LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Leticia Delgadillo, etc., Pltf. vs. FCA US LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Instructions, Certificate, Notice, Statement |
| **COURT/AGENCY:** | San Bernardino County - Superior Court - San Bernardino, CA<br>Case # CIVSB2112756 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law - 2013 Dodge Dart, VIN:<br>1C3CDFCH5DD325249 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/24/2021 at 14:41 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | LAUREN M. BRADSHAW<br>NEALE & FHIMA, LLP<br>34188 Pacific Coast Highway<br>Dana Point, CA 92629<br>(949) 661-1007 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/25/2021, Expected Purge Date:<br>05/30/2021<br><br>Image SOP<br><br>Email Notification,  Lance Arnott  sopverification@wolterskluwer.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>**877-564-7529**<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Lauren M. Bradshaw (SBN 319111)
Neale & Fhima, LLP
34188 Pacific Coast Highway
Dana Point, CA 92629
TELEPHONE NO.: 949-661-1007     FAX NO.: 949-661-3619
ATTORNEY FOR *(Name):* Plaintiff LETICIA DELGADILLO

**FOR COURT USE ONLY**

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 16 2021

BY _____
ANTHONY MARTINEZ, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: same
CITY AND ZIP CODE: San Bernardino 92415
BRANCH NAME: San Bernardino Justice Center (civil division)

CASE NAME:
LETICIA DELGADILLO v. FCA US LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIV SB 2112756 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[✓] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* (1): Violation of Cal. Civ. Code 1790 et seq.
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 15, 2021
Lauren M. Bradshaw
(TYPE OR PRINT NAME)                    ▶    *Lauren Bradshaw*
                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10. www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

LETICIA DELGADILLO

Case No. CIV SB 2112756

vs.

CERTIFICATE OF ASSIGNMENT

FCA US LLC

---

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino-Civil District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General      [ ] Collection

| | Nature of Action | Ground |
|---|---|---|
| [ ] 1 | Adoption | Petitioner resides within the district. |
| [ ] 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] 3 | Contract | Performance in the district is expressly provided for. |
| [ ] 4 | Equity | The cause of action arose within the district. |
| [ ] 5 | Eminent Domain | The property is located within the district. |
| [ ] 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] 9 | Mandate | The defendant functions wholly within the district. |
| [ ] 10 | Name Change | The petitioner resides within the district. |
| [ ] 11 | Personal Injury | The injury occurred within the district. |
| [ ] 12 | Personal Property | The property is located within the district. |
| [ ] 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] 15 | Review | The defendant functions wholly within the district. |
| [ ] 16 | Title to Real Property | The property is located within the district. |
| [ ] 17 | Transferred Action | The lower court is located within the district. |
| [ ] 18 | Unlawful Detainer | The property is located within the district. |
| [ ] 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] 20 | Other | |
| [X] 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

| Moss Bros Chrysler Jeep Dodge San Bernardino | 1100 South E Street |
|---|---|
| (NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR) | ADDRESS |

| San Bernardino | CA | 92408 |
|---|---|---|
| (CITY) | (STATE) | (ZIP CODE) |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

April 15, 2021     at    Dana Point       , California

*Lauren Bradshaw*
Signature of Attorney/Party

13-16503-360 Rev. 10/94                          SB-16503



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| Delgadillo -v- FCA US LLC et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number |
| | CIVSB2112756 |

Neale & Fhima LLP
34188 Pacific Coast Highway
Dana Point CA 92629

This case has been assigned to: Brian S McCarville in Department S30 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 11/19/2021 at 9:00 AM in Department S30 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown. (see Emergency Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice. Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.

Date: 5/19/2021                                                   Nancy CS Eberhardt, Court Executive Officer

By: **Anthony Martinez**
Anthony Martinez, Deputy Clerk

--------------------------------------------------------------------------------

**CERTIFICATE OF SERVICE**

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:
- ☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
- ☒ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
- ☐ A copy of this notice was given to the filing party at the counter.
- ☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 5/19/2021

I declare under penalty of perjury that the forgoing is true and correct. Executed on 5/19/2021 at San Bernardino, CA.

By: Anthony Martinez
Anthony Martinez, Deputy Clerk

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. **This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐  No ☐  Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐  No ☐  Please check type agreed to: Private: _____  Court-sponsored: _____

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ **Trial dates requested: Yes ☐  No ☐** Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

EXHIBIT D

Michael J. Gregg (SBN 321765)
Mark W. Skanes (SBN 322072)
**ROSEWALDORF LLP**
100 Oceangate, Suite 300
Long Beach, California 90802
Telephone:     (518) 869-9200
Facsimile:     (518) 869-3334
Email: mgregg@rosewaldorf.com
           mskanes@rosewaldorf.com

Attorneys for Defendant FCA US LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| LETICIA DELGADILLO, an individual,<br><br>              Plaintiff,<br><br>       vs.<br><br>FCA US LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No.: CIVSB2112756<br><br>Judge: Hon. Brian S. McCarville<br>Dept:  S30-SBJC<br><br>**DEFENDANT FCA US LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Action Filed:  April 16, 2021<br>Trial Date:     Unassigned |

Defendant FCA US LLC hereby responds to Plaintiff's Complaint as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure § 431.30, Defendant FCA US LLC denies each and every allegation in the Complaint and further denies that Plaintiff has been damaged in any sum whatsoever.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

Plaintiff's Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against Defendant.

/ / /

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure §§ 337, 338, 338.1, *et seq.*, and Commercial Code § 2725, etc.

## THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault)

If Plaintiff sustained any damages as alleged in the Complaint, such damages were proximately caused and contributed to by Plaintiff by failing to act in a manner ordinarily expected of a reasonably prudent person in the conduct of their affairs and business. The contributory negligence and fault of Plaintiff eliminates or diminishes any recovery sought in Plaintiff's Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Contributory Negligence of Third Parties)

If Plaintiff sustained any damages as alleged in the Complaint, such damages were proximately caused and contributed to by persons and/or parties other than Defendant by such persons or parties' failure to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business. The contributory negligence and fault of persons and/or parties other than Defendant eliminates or diminishes any recovery sought in Plaintiff's Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

If Plaintiff sustained any damages as alleged in the Complaint, such damages were proximately caused and contributed to by Plaintiff in failing to mitigate Plaintiff's damages. Plaintiff's failure to mitigate damages eliminates or diminishes any recovery herein.

## SIXTH AFFIRMATIVE DEFENSE

### (Offset)

To the extent that Defendant has or will incur any damages by reason of Plaintiff's conduct arising out of this case, then Defendant has the right to offset any amounts owed by Plaintiff to Defendant against monies allegedly owed by Defendant to Plaintiff.

/ / /

DEFENDANT FCA US LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

## SEVENTH AFFIRMATIVE DEFENSE

### (Express Disclaimers)

Plaintiff's cause of action for breach of express warranty and incidental and consequential damages is barred by the express disclaimers and limitations of liability contained in the alleged express warranties.

## EIGHTH AFFIRMATIVE DEFENSE

### (Civil Code § 1791.1(c)—Implied Warranty)

Each and every cause of action based upon breach of implied warranty is barred by virtue of Civil Code § 1791.1(c).

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff has engaged in conduct and activity sufficient to estop Plaintiff from asserting all or any part of the claims asserted or relief sought in Plaintiff's Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, breach of warranty, negligence, or any other conduct as set forth in Plaintiff's Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff waited an unreasonable period of time to complain of the alleged acts or omissions at issue in Plaintiff's Complaint so as to prejudice Defendant. Plaintiff is, therefore, guilty of laches and is barred from recovery.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands and/or Bad Faith)

Plaintiff's Complaint, and the claims and relief sought therein, is barred by the doctrine of unclean hands and/or bad faith.

/ / /

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Failure of Performance)

Any failure to perform the obligations as described in the Complaint resulted from Plaintiff's failure to perform as required by the contract and/or warranty.  Performance of Plaintiff's obligations was a condition precedent to the performance of Defendant's obligations.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Standing)

Plaintiff's causes of action arising out of the Song-Beverly Consumer Warranty Act are barred to the extent Plaintiff did not purchase the subject vehicle within the State of California.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Abuse or Failure to Maintain)

Plaintiff is barred from recovery by virtue of Civil Code § 1794.3 since the claimed defect or nonconformity was caused by the unauthorized or unreasonable use of the vehicle following sale and/or a failure to properly maintain the vehicle.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Alteration of Product)

The vehicle was not defective or in an unmerchantable condition at any time when it left the possession, custody, and control of the manufacturer. Any damage to the subject automobile was caused and created by changes and alterations made to the vehicle, subsequent to the vehicle's manufacture and/or sale, by persons other than the manufacturer or any of its agents, servants, or employees; thus, barring Plaintiff's recovery.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Proper Repair and Consent)

The repair process to Plaintiff's vehicle was appropriate and proper and is believed to have been done with the consent of the Plaintiff.

/ / /

/ / /

/ / /

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Industry Standards)

At all relevant times, Defendant acted in conformity with industry standards based upon the state of knowledge existing at the various time periods alleged in the Complaint, and therefore Plaintiff is barred from any recovery.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Reasonable Opportunity to Repair)

Plaintiff is precluded from any recovery pursuant to the Song-Beverly Consumer Warranty Act because Plaintiff failed and refused to provide a reasonable opportunity to repair.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action for Civil Penalties)

Plaintiff's Complaint fails to state sufficient facts to warrant the imposition of civil penalties because it was believed that replacement or repurchase of the subject vehicle was not appropriate under the circumstances then known.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations for Civil Penalties)

Any cause of action alleged in Plaintiff's Complaint seeking civil penalties is barred by the statute of limitations contained in the California Code of Civil Procedure, specifically § 340.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Serve Written Notice—Civil Code § 1794(e)(3))

FCA US LLC contends that the Complaint fails to state facts sufficient to warrant the imposition of civil penalties because Plaintiff failed to serve upon FCA US LLC written notice requesting that FCA US LLC comply with paragraph (2) of subdivision (d) of Civil Code § 1793.2 as required by Civil Code § 1794(e)(3).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unconstitutionality of Civil Penalty)

Imposition of a civil penalty in this case would violate Defendant's rights under the Fourteenth Amendment to the United States Constitution and/or Article I of the California Constitution.

DEFENDANT FCA US LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

FCA US LLC presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. FCA US LLC reserves the right to assert additional defenses in the event that they would be appropriate.

WHEREFORE, FCA US LLC prays judgment as follows:

1.    That Plaintiff recover nothing by way of the Complaint;

2.    That the present action be dismissed with prejudice;

3.    That judgment be entered in favor of Defendant for attorney's fees and costs of suit; and

4.    For such other and further relief as the Court may deem just and proper.


Dated: June 23, 2021                    **ROSEWALDORF LLP**


By: _____
      Michael J. Gregg
      Mark W. Skanes
      Attorneys for Defendant FCA US LLC

DEFENDANT FCA US LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE

*Leticia Delgadillo, an individual v. FCA US LLC, a limited liability company; and Does 1 through 10, inclusive*

San Bernardino County Superior Court, Case No. CIVSB2112756

     I, the undersigned, am over the age of 18 and am not a party to the within action. My business address is 501 New Karner Road, Albany, New York 12205. On the date below, I served the following document(s) described as:

### DEFENDANT FCA US LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

To the following party or parties in this matter:

| | |
|---|---|
| Lauren M. Bradshaw, Esq.<br>Neale & Fhima, LLP<br>34188 Pacific Coast Highway<br>Dana Point, California 92629<br>Phone: (949) 661-1007<br>Fax: (949) 661-3619<br>Email: laurenbradshaw@nealefhima.com;<br>cindieianni@nealefhima.com | ***Attorneys for Plaintiff*** |

☐ **BY PERSONAL SERVICE:** I caused the foregoing document(s) to be personally delivered to the above addressee(s) by One Legal, LLC via a registered process server pursuant to C.C.P. § 1011.

☐ **BY U.S. MAIL:** By enclosing the foregoing document(s) in a sealed envelope to the addressee(s) above and, under the firm's ordinary course of business, placing said envelope(s) for pick-up and mailing pursuant to C.C.P. § 1013. I am readily familiar with the firm's practice for collection and processing of outgoing mail. Under that practice, the outgoing mail is deposited with the U.S. Postal Service on the same day as collected, with postage fully prepaid.

☐ **BY OVERNIGHT DELIVERY:** I enclosed the foregoing documents in a sealed envelope or package to the addressee(s) listed above and placed said envelope or package for pick-up for overnight delivery via UPS under the firm's ordinary course of business. I am familiar with the firm's practice of collecting and processing documents for overnight delivery via UPS. Under that practice, the envelope or package would be deposited for pick up by an authorized UPS courier or driver that same day and delivered to the addressee(s) the following business day pursuant to C.C.P. § 1013.

☒ **BY ELECTRONIC SERVICE/EMAIL:** I electronically filed the document(s) with this Court using the Court's designated electronic filing service provider, which sent notification of that filing to the person(s) listed above to accept service by electronic transmission, and/or I caused the document(s) to be transmitted via electronic mail to the addressees as listed above pursuant to C.C.P. § 1010.6 and 1013(g), Cal. Rule of Court 2.251, and/or agreement or stipulation between the parties.

     I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Dated: June 23, 2021

                           *Nicole Timpanaro*
                           Nicole Timpanaro

EXHIBIT E

10-K 1 fcausllc-2014123110k.htm FCA US 12.31.14 10-K

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

# Form 10-K

(Mark One)

☑   **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the fiscal year ended December 31, 2014

OR

☐   **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the transition period from            to

Commission file number 000-54282

# FCA US LLC
### (Exact name of Registrant as Specified in its Charter)

| | |
|---|---|
| **DELAWARE** | 27-0187394 |
| (State or Other Jurisdiction of Incorporation or Organization) | (I.R.S. Employer Identification No.) |
| **1000 Chrysler Drive** **Auburn Hills, Michigan** | 48326 |
| (Address of Principal Executive Offices) | (Zip Code) |

**(248) 512-2950**
*(Registrant's Telephone Number, Including Area Code)*

**Chrysler Group LLC**
*(Former name or former address, if changed since last report)*

Securities registered pursuant to Section 12(b) of the Act:
None

Securities registered pursuant to Section 12(g) of the Act:
None

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.   Yes ☐   No ☑

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act.   Yes ☐   No ☑

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.   Yes ☑   No ☐

Indicate by check mark whether the registrant has submitted electronically and posted on its corporate Web site, if any, every Interactive Data File required to be submitted and posted pursuant to Rule 405 of Regulation S-T (§232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit and post such files).   Yes ☑   No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K, or any amendment to this Form 10-K.   ☑

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, or a smaller reporting company. See the definitions of "large accelerated filer," "accelerated filer" and "smaller reporting company" in Rule 12b-2 of the Exchange Act. (Check one):

| | | | | |
|---|---|---|---|---|
| Large accelerated filer | ☐ | | Accelerated filer | ☐ |
| Non-accelerated filer | ☒ | (Do not check if a smaller reporting company) | Smaller reporting company | ☐ |

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Act).   Yes ☐  No ☒

There is no public market for our equity securities. As of March 4, 2015, there were 1,632,654 Membership Interests issued and outstanding.

The registrant meets the conditions set forth in General Instruction I(2)(a) and (c) of Form 10-K and is therefore filing this form with certain reduced disclosures as permitted by those instructions.

## DOCUMENTS INCORPORATED BY REFERENCE
### None.

# EXHIBIT F

# RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE
## (WITH ARBITRATION PROVISION)

| Dealer Number | Contract Number | R.O.S Number 53173746 | Stock Number 24606401 |
|---|---|---|---|

| Buyer Name and Address (including County and Zip Code) | Co-Buyer Name and Address (including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| LETICIA B DELGADILLO | N/A | KOSS BROS CJD SAN BERNARDINO |
| SAN BERNARDINO | | 1188 SOUTH E ST. |
| | | SAN BERNARDINO CA 92408 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2013 | DODGE DART | 15383 | 1C3CDFDSDD325249 | Personal, family or household unless otherwise indicated below ☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid after you have made all payments as scheduled | Total Sale Price The total cost of your purchase on credit, including your down payment of $1500.00 |
|---|---|---|---|---|
| 4.99 % | $4207.19 | $24564.81 | $28872.00 | $30372.00 |

(e) means an estimate

### YOUR PAYMENT SCHEDULE WILL BE

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| One Payment of | $500.00 | 06/22/2014 |
| One Payment of N/A | N/A | N/A |
| One Payment of N/A | N/A | Monthly beginning 07/09/2014 |
| 74 | 388.96 | |
| N/A | N/A | N/A |
| One final payment of | 388.96 | DUE ON 09/09/2020 |

Late Charge. If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
Prepayment. If you pay off all your debt early, you may be charged a minimum finance charge.
Security Interest. You are giving a security interest in the vehicle being purchased.
Additional Information. See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

### ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

| | | |
|---|---|---|
| 1 Total Cash Price | | $18551.00 |
| A Cash Price of Motor Vehicle and Accessories | $18551.00 | |
| 1 Cash Price Vehicle | $18551.00 | |
| 2 Cash Prem Accessories | N/A | |
| 3 Other (N/A) | N/A | |
| Describe N/A | N/A | |
| Describe N/A | N/A | |
| B Document Processing Charge (not a governmental fee) | $80.00 (B) | |
| C Emissions Testing Charge (not a governmental fee) | N/A (C) | |
| D (Optional) Theft Deterrent Device (to whom paid) KOSS BROS CJD | $695.00 (D) | |
| E (Optional) Theft Deterrent Device (to whom paid) | N/A (E) | |
| F (Optional) Theft Deterrent Device (to whom paid) EXPRESS CARE | $393.00 (F) | |
| G (Optional) Surface Protection Product (to whom paid) N/A | N/A (G) | |
| H (Optional) Surface Protection Product (to whom paid) | N/A (H) | |
| I 5" Charging Station (to whom paid) N/A | N/A (I) | |
| J Sales Tax (on taxable items in A through I) | $1977.00 (J) | |
| K Electronic Vehicle Registration or Transfer Charge (not a governmental fee) (to whom paid) | $29.00 (K) | |
| L (Optional) Service Contract (to whom paid) PORTFOLIO | $3324.12 (L) | |
| M (Optional) Service Contract (to whom paid) PORTFOLIO | $995.00 (M) | |
| N (Optional) Service Contract (to whom paid) N/A | N/A (N) | |
| O (Optional) Service Contract (to whom paid) N/A | N/A (O) | |
| P (Optional) Service Contract (to whom paid) N/A | N/A (P) | |
| Q Prior Credit or Lease Balance paid by Seller to N/A | N/A (Q) | |
| (see downpayment and trade-in calculation) EXPRESS AUTOGAP | $795.00 | |
| R (Optional) Gap Contract (to whom paid) | N/A (R) | |
| S (Optional) Used Vehicle Contract Cancellation Option Agreement | N/A (S) | |
| T Other (to whom paid) N/A | N/A (T) | |
| Per N/A | $26441.01 (1) | |
| 2 Amounts Paid to Public Officials | | |
| A Vehicle License Fees | N/A (A) | |
| B Registration/Transfer/Titling Fees ESTIMATED | $15.00 (B) | |
| C California Tire Fees | N/A (C) | |
| D Other N/A | N/A (D) | |
| Total Official Fees (A through D) | $15.00 (2) | |
| 3 Amount Paid to Insurance Companies | | |
| (Total premiums from Statement of Insurance column a x b) | N/A (3) | |
| 4 State Emissions Certification Fee or ☐ State Emissions Exemption Fee | $0.00 (4) | |
| 5 Subtotal (1 through 4) | $26465.01 (5) | |
| 6 Total Downpayment | | |
| A Agreed Trade-In Value N/A Make N/A | | |
| Model N/A Odom N/A | N/A (A) | |
| VIN N/A | | |
| B Less Prior Credit or Lease Balance (e) | N/A (B) | |
| C Net Trade-In (A less B) (indicate if a negative number) | N/A (C) | |
| D Deferred Downpayment | $500.00 (D) | |
| E Manufacturer's Rebate | N/A (E) | |
| F Other N/A | N/A (F) | |
| G Cash | $1000.00 (G) | |
| Total Downpayment (C through G) | $1500.00 (6) | |
| (If negative, enter zero on line 6 and enter this amount less than zero as a positive number on line 1Q above) | | |
| 7 Amount Financed (5 less 6) | $24564.81 (7) | |

### SELLER ASSISTED LOAN
BUYER MAY BE ENTITLED TO A REFUND OF SOME OR ALL OF THE SALES AND WILL BE CREATED FOR THE INTELLECTED AMOUNTS OR BOTH THAT THE RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN

Proceeds of Loan from N/A
Amount $ N/A Finance Charge $ N/A
Total $ N/A Payable in N/A
installments of $ N/A
from the Loan as shown in item 6D

### AUTO BROKER FEE DISCLOSURE
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee recovered by an autobroker from us unless the following box is checked.
☐ Name of autobroker receiving fee, if applicable: N/A

### STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any other insurance to obtain credit. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

#### Vehicle Insurance

| | | | | |
|---|---|---|---|---|
| N/A | | N/A | N/A | Premium N/A |
| $ N/A | Ded Comp., Fire & Theft | N/A | N/A | $ N/A |
| $ N/A | Ded Collision | N/A | N/A | $ N/A |
| Bodily Injury $ N/A | | N/A Limits | N/A | $ N/A |
| Property Damage $ N/A | | N/A Limits | N/A | $ N/A |
| Medical N/A | | N/A Limits | N/A | $ N/A |
| $ N/A | | N/A | N/A | $ N/A |
| Total Vehicle Insurance Premiums | | | | $ N/A |

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X N/A
Co-Buyer X N/A
Seller X N/A

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Application for Optional Credit Insurance
☐ Credit Life  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability (Buyer Only)

| | | Term | Premium |
|---|---|---|---|
| Credit Life | N/A | N/A | N/A |
| Credit Disability | N/A | N/A | N/A |
| Total Credit Insurance Premiums | | | N/A |

Insurance Company Name N/A
Home Office Address N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original amount financed. The insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked above. Your signature below means that you agree that (1) You are not eligible for insurance if you have reached your 65th birthday (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).

You want to buy the credit insurance

| Date | Buyer Signature | Age |
|---|---|---|
| N/A | N/A | N/A |
| Date | Co-Buyer Signature | Age |

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1R of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.
Term 75 Mos EXPRESS AUTOGAP
Name of Gap Contract

I want to buy a gap contract.
Buyer Signs X _____

OPTIONAL SERVICE CONTRACT(S). You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in items 1L, 1M, 1N, 1O, and/or 1P.

| | Company | | Term | | Mos or | | |
|---|---|---|---|---|---|---|---|
| 1L Company | PORTFOLIO | Term 84 | | Mos or | 100000 Miles | | |
| 1M Company | PORTFOLIO | Term 60 | | Mos or | 99999 Miles | | |
| 1N Company N/A | | Term N/A | | Mos or | N/A Miles | | |
| 1O Company N/A | | Term N/A | | Mos or | N/A Miles | | |
| 1P Company N/A | | Term N/A | | Mos or | N/A Miles | | |
| Buyer X _____ | | | | | | | |

### HOW THIS CONTRACT CAN BE CHANGED
This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _____
Co-Buyer Signs X N/A

SELLER'S RIGHT TO CANCEL. If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign the contract to a financial institution will apply.

Buyer X _____  X N/A Co-Buyer

Agreement to Arbitrate. By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.
Buyer Signs X _____  Co-Buyer Signs X N/A

OPTION ☐ You pay no finance charge on the Amount Financed, item 7, or paid in full on or before ___ N/A ___. Year N/A SELLER'S INITIALS N/A

THE WINDOW POLICY LIABILITY INSURANCE LIMITS PROVIDED BY ANY VEHICLE YOU FINANCE WILL BE SET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. MOREOVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.

FOR ADVICE OR FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT. THE BUYER SHALL SIGN TO ACKNOWLEDGE THE ABOVE DISCLOSURES THAT PUBLIC LIABILITY TERMS AND CONDITIONS.

Buyer X _____  X N/A

Trade-In Payoff Agreement. Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the payoff amount shown in item 6B of the Itemization of Amount Financed as the "Prior Credit or Lease Balance." That understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown in 6B to the lienholder or lessor of the trade-in vehicle, or to the designee. If the actual payoff amount is more than the amount shown in 6B, you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown in 6B, Seller will refund to you any overage. Seller means from your lienholder or lessor. Except as noted in the "NOTICE".

**PROOF OF SERVICE**

*Leticia Delgadillo, an individual v. FCA US LLC, a limited liability company; and Does 1 through 10, inclusive*
San Bernardino County Superior Court, Case No. CIVSB2112756

I, the undersigned, am over the age of 18 and am not a party to the within action. My business address is 501 New Karner Road, Albany, New York 12205. On the date below, I served the following document(s) described as:

**DEFENDANT FCA US LLC'S NOTICE OF FILING OF REMOVAL**

To the following party or parties in this matter:

| | |
|---|---|
| Lauren M. Bradshaw, Esq.<br>Neale & Fhima, LLP<br>34188 Pacific Coast Highway<br>Dana Point, California 92629<br>Phone: (949) 661-1007<br>Fax:    (949) 661-3619<br>Email: laurenbradshaw@nealefhima.com;<br>cindieianni@nealefhima.com | *Attorneys for Plaintiff* |

☐ **BY PERSONAL SERVICE:** I caused the foregoing document(s) to be personally delivered to the above addressee(s) by One Legal, LLC via a registered process server pursuant to C.C.P. § 1011.

☐ **BY U.S. MAIL:** By enclosing the foregoing document(s) in a sealed envelope to the addressee(s) above and, under the firm's ordinary course of business, placing said envelope(s) for pick-up and mailing pursuant to C.C.P. § 1013. I am readily familiar with the firm's practice for collection and processing of outgoing mail. Under that practice, the outgoing mail is deposited with the U.S. Postal Service on the same day as collected, with postage fully prepaid.

☐ **BY OVERNIGHT DELIVERY:** I enclosed the foregoing documents in a sealed envelope or package to the addressee(s) listed above and placed said envelope or package for pick-up for overnight delivery via UPS under the firm's ordinary course of business. I am familiar with the firm's practice of collecting and processing documents for overnight delivery via UPS. Under that practice, the envelope or package would be deposited for pick up by an authorized UPS courier or driver that same day and delivered to the addressee(s) the following business day pursuant to C.C.P. § 1013.

☒ **BY ELECTRONIC SERVICE/EMAIL:** I electronically filed the document(s) with this Court using the Court's designated electronic filing service provider, which sent notification of that filing to the person(s) listed above to accept service by electronic transmission, and/or I caused the document(s) to be transmitted via electronic mail to the addressees as listed above pursuant to C.C.P. § 1010.6 and 1013(g), Cal. Rule of Court 2.251, and/or agreement or stipulation between the parties.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Dated: June 23, 2021                            *Nicole Timpanaro*
                                                         Nicole Timpanaro

# EXHIBIT "D"

RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE
(WITH ARBITRATION PROVISION)

5:21-cv-01054-MEMF-SHK   Document 11   Filed 07/23/21   Page 67 of 72   Page ID
Dealer Number          Contract Number        R.O.S. Number                    Stock Number

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| LETICIA A DELGADILLO 16339 ELAINE DR FONTANA CA 92336 SAN BERNARDINO | N/A | MOSS BROS CJD SAN BERNARDINO 1100 SOUTH E ST. SAN BERNARDINO CA 92408 SAN BERNARDINO |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2013 | DODGE DART | 15983 | 1C3CDFCH5DD325249 | Personal, family or household unless otherwise indicated below. ☐ business or commercial |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 1500.00 is |
|---|---|---|---|---|
| 4.99 % | $ 4207.19 (e) | $ 24964.81 | $ 29672.00 (e) | $ 30672.00 (e) |

(e) means an estimate

### YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments: | Amount of Payments: | When Payments Are Due: |
|---|---|---|
| One Payment of | 500.00 | 06/22/2014 |
| One Payment of N/A | N/A | N/A |
| One Payment of N/A | N/A | N/A |
| 74 | 389.96 | Monthly beginning 07/09/2014 |
| N/A | N/A | N/A |
| One final payment | 388.96 | DUE ON 09/09/2020 |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.
**Prepayment.** If you pay off all your debt early, you may be charged a minimum finance charge.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, minimum finance charges, and security interest.

### ITEMIZATION OF THE AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. Total Cash Price
   A. Cash Price of Motor Vehicle and Accessories ... $ 18551.00 (A)
      1. Cash Price Vehicle ... $ 18551.00
      2. Cash Price Accessories ... $ N/A
      3. Other (Nontaxable)
         Describe N/A ... $ N/A
         Describe N/A ... $ N/A
   B. Document Processing Charge (not a governmental fee) ... $ 80.00 (B)
   C. Emissions Testing Charge (not a governmental fee) ... $ N/A (C)
   D. (Optional) Theft Deterrent Device (to whom paid) MOSS BROS CJD $ 695.00 (D)
   E. (Optional) Theft Deterrent Device (to whom paid) N/A ... $ N/A (E)
   F. (Optional) Theft Deterrent Device (to whom paid) N/A ... $ N/A (F)
   G. (Optional) Surface Protection Product (to whom paid) EXPRESS CARE ... $ 395.00 (G)
   H. (Optional) Surface Protection Product (to whom paid) N/A ... $ N/A (H)
   I. EV Charging Station (to whom paid) N/A ... $ N/A (I)
   J. Sales Tax (on taxable items in A through I) ... $ 1577.68 (J)
   K. Electronic Vehicle Registration or Transfer Charge (not a governmental fee) (to whom paid) AVRS ... $ 29.00 (K)
   L. (Optional) Service Contract (to whom paid) PORTFOLIO ... $ 3324.13 (L)
   M. (Optional) Service Contract (to whom paid) PORTFOLIO ... $ 995.00 (M)
   N. (Optional) Service Contract (to whom paid) N/A ... $ N/A (N)
   O. (Optional) Service Contract (to whom paid) N/A ... $ N/A (O)
   P. (Optional) Service Contract (to whom paid) N/A ... $ N/A (P)
   Q. Prior Credit or Lease Balance paid by Seller to N/A ... (e) $ N/A (Q)
      (see downpayment and trade-in calculation)
   R. (Optional) Gap Contract (to whom paid) EXPRESS AUTOGAP ... $ 795.00 (R)
   S. (Optional) Used Vehicle Contract Cancellation Option Agreement ... $ N/A (S)
   T. (Optional) (to whom paid) N/A
      For N/A ... $ N/A (T)
   Total Cash Price (A through T) ... $ 26441.81 (1)
2. Amounts Paid to Public Officials
   A. Vehicle License Fees ... $ N/A (A)
   B. Registration/Transfer/Titling Fees ESTIMATED ... $ 15.00 (B)
   C. California Tire Fees ... $ N/A (C)
   D. Other N/A ... $ N/A (D)
   Total Official Fees (A through D) ... $ 15.00 (2)
3. Amount Paid to Insurance Companies
   (Total premiums from Statement of Insurance column a + b) ... $ N/A (3)
4. ☐ State Emissions Certification Fee or ☐ State Emissions Exemption Fee ... $ 8.00 (4)
5. Subtotal (1 through 4) ... $ 26464.81 (5)
6. Total Downpayment

### STATEMENT OF INSURANCE

NOTICE. No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. You are not required to buy any insurance from us. Your decision to buy or not buy other insurance will not be a factor in the credit approval process.

**Vehicle Insurance**

| | Term | Premium |
|---|---|---|
| $ N/A Ded. Comp., Fire & Theft | N/A Mos. | $ N/A |
| $ N/A Ded. Collision | N/A Mos. | $ N/A |
| Bodily Injury $ N/A Limits | N/A Mos. | $ N/A |
| Property Damage $ N/A Limits | N/A Mos. | $ N/A |
| Medical N/A | N/A Mos. | $ N/A |

Total Vehicle Insurance Premiums ... $ N/A (a)

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

Buyer X _____

Co-Buyer X _____

Seller X _____

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Application for Optional Credit Insurance**
☐ Credit Life:   ☐ Buyer   ☐ Co-Buyer   ☐ Both
☐ Credit Disability (Buyer Only)

| | Term | Exp. | Premium |
|---|---|---|---|
| Credit Life | N/A | N/A Mos. | N/A |
| Credit Disability | N/A | N/A Mos. | N/A |

Total Credit Insurance Premiums $ N/A (b)
Insurance Company Name N/A
N/A
Home Office Address N/A
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown above.

You are applying for the credit insurance marked above. Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the Primary Buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).
You want to buy the credit insurance.

X _____
Date   Buyer Signature                        Age

N/A   x N/A                                    N/A
Date   Co-Buyer Signature                      Age

**OPTIONAL GAP CONTRACT** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1R of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term 75 Mos.   EXPRESS AUTOGAP
                Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X _Letricia Delgadillo_

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following

| | | | |
|---|---|---|---|
| (not a governmental fee) (to whom paid) PORTFOLIO | $ | 1577.60 (L) | |
| L. (Optional) Service Contract (to whom paid) PORTFOLIO | $ | 3323.11 (L) | |
| M. (Optional) Service Contract (to whom paid) PORTFOLIO | $ | 995.00 (M) | |
| N. (Optional) Service Contract (to whom paid) N/A | $ | N/A (N) | |
| O. (Optional) Service Contract (to whom paid) N/A | $ | N/A (O) | |
| P. (Optional) Service Contract (to whom paid) N/A | $ | N/A (P) | |
| Q. Prior Credit or Lease Balance paid by Seller to N/A | (o) $ | N/A (Q) | |
| (see downpayment and trade-in calculation) | | | |
| R. (Optional) Gap Contract (to whom paid) EXPRESS AUTOGAP | $ | 795.00 (R) | |
| S. (Optional) Vehicle Contract Cancellation Option Agreement | $ | N/A (S) | |
| T. Other (to whom paid) N/A For N/A | $ | N/A (T) | |

**Total Cash Price (A through T)** $ 26441.01 (1)

**2. Amounts Paid to Public Officials**

| | | | |
|---|---|---|---|
| A. Vehicle License Fees | $ | N/A (A) | |
| B. Registration/Transfer/Titling Fees ESTIMATED | $ | 15.00 (B) | |
| C. California Tire Fees | $ | N/A (C) | |
| D. Other N/A | $ | N/A (D) | |

**Total Official Fees (A through D)** $ 15.00 (2)

**3. Amount Paid to Insurance Companies**
(Total premiums from Statement of Insurance column a + b) $ N/A (3)

4. ☐ State Emissions Certification Fee or ☑ State Emissions Exemption Fee $ 8.00 (4)

**5. Subtotal (1 through 4)** $ 26464.01 (5)

**6. Total Downpayment**

| | | | |
|---|---|---|---|
| A. Agreed Trade-In Value Yr N/A Make N/A | | | |
| Model N/A Odom N/A | | | |
| VIN N/A | $ | N/A (A) | |
| B. Less Prior Credit or Lease Balance (e) | $ | N/A (B) | |
| C. Net Trade-In (A less B) (indicate if a negative number) | $ | N/A (C) | |
| D. Deferred Downpayment | $ | 500.00 (D) | |
| E. Manufacturer's Rebate | $ | N/A (E) | |
| F. Other N/A | $ | N/A (F) | |
| G. Cash | $ | 1000.00 (G) | |

**Total Downpayment (C through G)** $ 1500.00 (6)
(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1Q above)

**7. Amount Financed (5 less 6)** $ 24964.01 (7)

---

**SELLER ASSISTED LOAN**
BUYER MAY BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan From: N/A

Amount $ _____ Finance Charge $ N/A

Total $ _____ Payable in _____

installments of $ _____ N/A. $ N/A

from the Loan is shown in item 6D.

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:

☐ Name of autobroker receiving fee, if applicable:

---

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

X _Patricia Delgadillo_      X N/A
Buyer      Co-Buyer

---

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _Patricia Delgadillo_      Co-Buyer Signs X N/A

---

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before N/A , Year N/A . SELLER'S INITIALS N/A

---

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X _Patricia Delgadillo_      X N/A

---

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the payoff amount shown in item 6B of the Itemization of Amount Financed as the "Prior Credit or Lease Balance." You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown in 6B to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown in 6B, you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown in 6B, Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in 6B or any refund.

Buyer Signature X _Patricia Delgadillo_      Co-Buyer Signature X N/A

---

**Notice to buyer:** (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _Patricia Delgadillo_      Co-Buyer Signature X N/A

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X _Patricia Delgadillo_ Date 05/25/14 Co-Buyer Signature X N/A Date N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X _____ Address _____

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense or Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) we the buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.

Upon acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

---

You are applying for the credit insurance marked above. Your signature below means that you agree that: (1) You are not eligible for disability insurance if you are working for wages or profit 30 hours a week or more on the Effective Date. (2) Only the Primary Buyer is eligible for disability insurance. (3) You are not eligible for disability insurance if... NOT COVERED IF DISABILITY. YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (Refer to "Total Disabilities Not Covered" in your policy for details).
You want to buy this credit insurance.

X _____
Date   Buyer Signature   Age
N/A x N/A N/A
Date   Co-Buyer Signature   Age

**OPTIONAL GAP CONTRACT** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 1R of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term 75 Mos. EXPRESS AUTOGAP
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X _Patricia Delgadillo_

**OPTIONAL SERVICE CONTRACT(S)** You want to purchase the service contract(s) written with the following company(ies) for the term(s) shown below for the charge(s) shown in item 1L,1M, 1N, 1O, and/or 1P.

| | | |
|---|---|---|
| 1L Company PORTFOLIO | | |
| Term 84 Mos. or 100000 Miles | | |
| 1M Company PORTFOLIO | | |
| Term 60 Mos. or 999999 Miles | | |
| 1N Company N/A | | |
| Term N/A Mos. or N/A Miles | | |
| 1O Company N/A | | |
| Term N/A Mos. or N/A Miles | | |
| 1P Company N/A | | |
| Term N/A Mos. or N/A Miles | | |

Buyer X _Patricia Delgadillo_

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _Patricia Delgadillo_
Co-Buyer Signs X N/A

**6. Total Downpayment**

| | | | | | |
|---|---|---|---|---|---|
| A. Agreed Trade-in Value Yr N/A Make N/A | | | $ N/A (A) | | |
| Model N/A Odom N/A | | | | | |
| VIN N/A | | | | | |
| B. Less Prior Credit or Lease Balance is | | | $ N/A (B) | | |
| C. Net Trade-in (A less B) (indicate if a negative number) | | | $ N/A (C) | | |
| D. Deferred Downpayment | | | $ 500.00 (D) | | |
| E. Manufacturer's Rebate | | | $ N/A (E) | | |
| F. Other N/A | | | $ N/A (F) | | |
| G. Cash | | | $ 1000.00 (G) | | |
| **Total Downpayment (C through G)** | | | $ 1500.00 (6) | | |
| (If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1Q above) | | | | | |

**7. Amount Financed** (5 less 6) ........................... $ 24964.81 (7)

| 1L Company | PORTFOLIO | |
|---|---|---|
| Term 84 | Mos. or | 100000 Miles |
| 1M Company | PORTFOLIO | |
| Term 60 | Mos. or | 999999 Miles |
| 1N Company N/A | | |
| Term N/A | Mos. or | N/A Miles |
| 1O Company N/A | | |
| Term N/A | Mos. or | N/A Miles |
| 1P Company N/A | | |
| Term N/A | Mos. or | N/A Miles |
| Buyer X _Letina Delgadillo_ | | |

---

**SELLER ASSISTED LOAN**
BUYER WILL BE REQUIRED TO PLEDGE SECURITY FOR THE LOAN, AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THIS RETAIL INSTALLMENT SALE CONTRACT AND THE LOAN.

Proceeds of Loan From: N/A
Amount $ N/A Finance Charge $ N/A
Total $ N/A Payable in N/A
installments of $ N/A . $ N/A
from this Loan is shown in item 6D.

**AUTO BROKER FEE DISCLOSURE**
If this contract reflects the retail sale of a new motor vehicle, the sale is not subject to a fee received by an autobroker from us unless the following box is checked:
☐ Name of autobroker receiving fee, if applicable:
N/A

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding.

Buyer Signs X _Letina Delgadillo_
Co-Buyer Signs X N/A

---

**SELLER'S RIGHT TO CANCEL** If Buyer and Co-Buyer sign here, the provisions of the Seller's Right to Cancel section on the back giving the Seller the right to cancel if Seller is unable to assign this contract to a financial institution will apply.

X _Letina Delgadillo_                    X N/A
Buyer                                                  Co-Buyer

---

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _Letina Delgadillo_          Co-Buyer Signs X N/A

---

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before N/A , Year N/A . SELLER'S INITIALS N/A

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING:
YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.
FOR ADVICE ON THE COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

S/S X _Letina Delgadillo_          X N/A

---

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the payoff amount shown in item 6B of the Itemization of Amount Financed as the "Prior Credit or Lease Balance." You understand that the amount quoted is an estimate.

Seller agrees to pay the payoff amount shown in 6B to the lienholder or lessor of the trade-in vehicle, or its designee. If the actual payoff amount is more than the amount shown in 6B, you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown in 6B, Seller will refund to you any overage Seller receives from your prior lienholder or lessor. Except as stated in the "NOTICE" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance shown in 6B or any refund.

Buyer Signature X _Letina Delgadillo_          Co-Buyer Signature X N/A

---

**Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank spaces to be filled in. (2) You are entitled to a completely filled in copy of this agreement. (3) You can prepay the full amount due under this agreement at any time. (4) If you default in the performance of your obligations under this agreement, the vehicle may be repossessed and you may be subject to suit and liability for the unpaid indebtedness evidenced by this agreement.**

If you have a complaint concerning this sale, you should try to resolve it with the seller.
Complaints concerning unfair or deceptive practices or methods by the seller may be referred to the city attorney, the district attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.
After this contract is signed, the seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the seller to make a unilateral change.

Buyer Signature X _Letina Delgadillo_          Co-Buyer Signature X N/A

---

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

---

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a "cooling-off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a two-day contract cancellation option on used vehicles with a purchase price of less than forty thousand dollars ($40,000), subject to certain statutory conditions. This two-day cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California law. See the vehicle contract cancellation option agreement for details.

YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONTRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT. YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON THE REVERSE SIDE, BEFORE SIGNING BELOW. YOU CONFIRM THAT YOU RECEIVED A COMPLETELY FILLED-IN COPY WHEN YOU SIGNED IT.

Buyer Signature X _Letina Delgadillo_  Date 05/25/14  Co-Buyer Signature X N/A  Date N/A
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other Owner Signature X _____          Address _____

---

**GUARANTY:** To induce us to sell the vehicle to Buyer, each person who signs as a Guarantor individually guarantees the payment of this contract. If Buyer fails to pay any money owing on this contract, each Guarantor must pay it when asked. Each Guarantor will be liable for the total amount owing even if other persons also sign as Guarantor, and even if Buyer has a complete defense to Guarantor's demand for reimbursement. Each Guarantor agrees to be liable even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing.

Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X _____ Date _____          Guarantor X _____ Date _____
Address _____                          Address _____

---

Seller Signs HOSS BROS CJD SAN BERNARDINO Date 05/25/14 By X _____ Title MANAGER

LAW FORM NO. 553-CA-ARB (REV. 7/13) U.S. PATENT NO. D460,782
©2013 The Reynolds and Reynolds Company. TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

CUSTOMER/TRUTH IN LENDING COPY

# EXHIBIT "E"

**Lauren Bradshaw**

| | |
|---|---|
| **From:** | Lauren Bradshaw |
| **Sent:** | Thursday, July 15, 2021 12:36 PM |
| **To:** | Alexandra Newcomb |
| **Cc:** | Nicole Timpanaro; Lauren Melandro |
| **Subject:** | RE: Delgadillo |
| **Attachments:** | Delgadillo.Draft Joint Rule 26(f) Report 07.15.21.doc |

Hello,

Please see attached for Plaintiff's draft of the Joint Rule 26(f) report.  Any dates that may need to be changed are highlighted in red.

Please note that Plaintiff intends to file a Motion for remand back to State court next week.

Feel free to contact me with any questions or concerns regarding the Joint Rule 26(f) Report.

Sincerely,



Personal Injury & Consumer
Attorneys of California

Lauren M. Bradshaw, Esq.
*Associate Attorney*

**Neale & Fhima, LLP**
**P:**  949.661.1007 • **F:** 949.661.3619
34188 Pacific Coast Highway, Dana Point, California 92629
www.nealefhima.com • laurenbradshaw@nealefhima.com

  

PRIVILEGED/CONFIDENTIAL COMMUNICATION
This e-mail is confidential. It may also be privileged or otherwise protected by work product immunity or other legal rules. If you have received this e-mail in error or are not an intended recipient, please let us know immediately by e-mail reply and telephone, and delete this e-mail and all attachments from your device and system; dissemination, distribution, storing, sharing, or copying of this e-mail, its contents or attachments is strictly prohibited. The integrity and security of this message cannot be guaranteed on the Internet.

## CERTIFICATE OF SERVICE

I hereby certify that on this day of July 23, 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then be sent Electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to any counsel of record indicated as non-registered participants.

**RoseWaldorf PLLC**
**501 New Karner Road**
**Albany, New York 12205**

MGregg@rosewaldorf.com; LMelandro@rosewaldorf.com

Dated: July 23, 2021

_____
Cindie Ianni