UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | EDCV 21-01054 MWF (SHKx) | **Date:** November 29, 2021 |
| **Title:** | Leticia Delgadillo v. FCA US LLC et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Not Reported

Attorneys Present for Plaintiff:  
None Present

Attorneys Present for Defendant:  
None Present

**Proceedings (In Chambers):**  ORDER RE: MOTION TO REMAND [11]

Before the Court is Plaintiff Leticia Delgadillo's Motion to Remand Case to Los Angeles County Superior Court (the "Motion"), filed on July 23, 2021. (Docket No. 11). Defendant FCA US LLC ("FCA") filed an Opposition on August 2, 2021. (Docket No. 15). Plaintiff filed a Reply on August 9, 2021. (Docket No. 17).

The Motion was noticed to be heard on August 23, 2021. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. Vacating the hearing is also consistent with General Order 21-08 arising from the COVID-19 pandemic.

For the reasons stated below, the Motion to Remand is **DENIED**. The Court has diversity jurisdiction over Plaintiff's claims because the amount in controversy exceeds $75,000 and because Plaintiff and Defendants are citizens of different states.

## I.   BACKGROUND

Plaintiff commenced this action on April 16, 2021, in the Los Angeles County Superior Court ("LASC"). (*See* Motion, Ex. A (the "Complaint") (Docket No. 11)). The Complaint alleged that FCA violated its obligations under certain express and implied warranties with regards to a defective vehicle Plaintiff purchased. (*Id.* at ¶¶ 9-16).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 21-01054 MWF (SHKx)     Date: November 29, 2021
Title:     Leticia Delgadillo v. FCA US LLC et al.

According to the Complaint, on or about June 22, 2014, Plaintiff purchased a 2013 Dodge Dart manufactured by FCA. (*Id.* at ¶¶ 4, 7). The sale included an express warranty by FCA guaranteeing that the vehicle would conform to some standard and obligating FCA to service or repair the vehicle if non-conformities arose. (*Id.* at ¶ 9). Since purchasing the vehicle, Plaintiff claims to have delivered the vehicle to FCA or its authorized repair facilities several times to address issues with the vehicle's radio, air conditioner, battery, ignition, odometer, and steering wheel. (*Id.* at ¶ 11). Plaintiff asserts that each time, FCA or its authorized repair facilities failed to timely and adequately resolve the issues. (*Id.* at ¶¶ 12-13).

Plaintiff seeks (1) actual damages, including incidental and consequential damages, (2) general damages, (3) civil penalties permitted by the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code §§ 1792-1795, (4) prejudgment interest, (5) attorneys' fees and costs of suit, and (6) such other relief as the Court may deem proper. (*Id.* at 4).

On May 24, 2021, Plaintiff served FCA with the Complaint. (*See* Motion, Ex. B). On June 23, 2021, Defendants filed the Notice of Removal ("NoR"), invoking this Court's diversity jurisdiction. (Docket No. 1).

## II.    LEGAL STANDARD

"On a plaintiff's motion to remand, it is a defendant's burden to establish jurisdiction by a preponderance of the evidence." *Taylor v. United Road Services*, CV 18-00330-LJO (JLTx), 2018 WL 2412326, at *2 (E.D. Cal. May 29, 2018) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 86-87 (2014); *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 978 (9th Cir. 2013)). The non-moving party bears the burden of identifying "a legitimate source of the court's jurisdiction" and "[d]isputed questions of fact and ambiguities in the controlling law must be resolved in favor of the remanding party." *Pac. Mar. Ass'n v. Mead*, 246 F. Supp.2d 1087, 1089 (N.D. Cal. 2003) (citing *Gaus*, 980 F.2d at 566). Removability is determined based on the removal notice and the complaint as it existed at the time of removal. *See Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 21-01054 MWF (SHKx)     **Date:** November 29, 2021
**Title:** Leticia Delgadillo v. FCA US LLC et al.

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states."

### III. DISCUSSION

Plaintiff moves to remand this case to LASC on the basis that the Court lacks diversity jurisdiction. (Motion at 6). ***First***, Plaintiff argues that FCA has failed to meet its burden of showing that Plaintiff and FCA are diverse. (Motion at 9). ***Second***, Plaintiff argues that the amount in controversy should not include civil penalties and attorneys' fees and therefore does not exceed $75,000. (Motion at 11).

#### A. Diversity of Citizenship

To demonstrate citizenship for diversity purposes, a party must be (1) a citizen of the United States, and (2) domiciled in a state of the United States. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A natural person is domiciled in a state where he or she has "established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Id.* at 749-50 (quotation marks and citations omitted).

In the context of diversity jurisdiction, a corporation is deemed to be a citizen of the state it is incorporated in, as well as the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). A corporation's principal place of business refers to its "nerve center," or the "place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). "[A]n LLC is a citizen of every state of which its owner/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 21-01054 MWF (SHKx)         Date: November 29, 2021
Title:     Leticia Delgadillo v. FCA US LLC et al.

Plaintiff does not dispute that FCA is a limited liability company whose sole member is incorporated in Delaware and whose principal place of business is in Michigan. (*See* NoR at ¶ 27, Ex. E). Rather, Plaintiff argues that FCA has failed to show that Plaintiff is a citizen of California and therefore diverse. (*See* Motion at 9-11). To be clear, Plaintiff does not argue that she is not a citizen of California, only that FCA has not proved that she is with a preponderance of the evidence. (*See id.*).

The Ninth Circuit has held that "when a defendant's allegations of citizenship are unchallenged, nothing more is required." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019). In *Ehrman*, the defendant corporation alleged that it was a citizen of Delaware and Georgia and that the plaintiff was a citizen of California. *Id.* at 1227. Rather than asserting that the plaintiff was not a citizen of California, the plaintiff's motion to remand argued only that the defendant had failed to provide sufficient evidence to support its allegations. *Id.* at 1228. The Ninth Circuit rejected this argument, ruling that because the plaintiff did not factually challenge the defendant's jurisdictional allegations, only "a short and plain statement of the parties' citizenship based on information and belief" was needed to satisfy the defendant's burden of pleading diversity. *Id.*

Here, because Plaintiff has not factually challenged FCA's assertions that she is a citizen of California, the Court accepts FCA's allegations to that effect as true. FCA has therefore met its burden of pleading diversity.

### B.     Amount in Controversy

In cases "[w]here . . . it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quotation marks and citations omitted).

In assessing the amount in controversy, courts consider "allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 21-01054 MWF (SHKx)     **Date:** November 29, 2021
**Title:** Leticia Delgadillo v. FCA US LLC et al.

relevant to the amount in controversy." *Id.* The amount in controversy includes "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016).

As a threshold matter, the amount in controversy is unclear from the face of the Complaint. (*See* Complaint). Therefore, FCA bears the burden of establishing that the amount in controversy exceeds $75,000.

### 1. Actual damages

Plaintiff seeks, among other things, damages in restitution under the Song-Beverly Act. (*See* Complaint at 4). The Act allows the buyer of an automobile to recover for the automobile manufacturer's violation of an express warranty. *See* Cal. Civ. Code § 1793.2. The Act provides that such a buyer can recover "the actual price paid or payable by the buyer" less "that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor . . . for correction of the problem that gave rise to the nonconformity." *See* Cal. Civ. Code § 1793.2(d)(2). The amount directly attributable to the buyer's use of the vehicle is computed taking the number of miles driven by the buyer prior to the first relevant repair, dividing by an assumed 120,000 mile life expectancy of the car, and multiplying the result by the "the actual price paid or payable by the buyer." *See id.*

The purchase price of Plaintiff's vehicle, including the down payment and other financed amounts, was $30,672.00. (*See* NoR, Ex. F (the "Purchase Contract") (Docket No. 1)). The vehicle had a mileage of 15,983 at the time of purchase. (*See id.*). FCA asserts, and Plaintiff does not dispute, that the first time Plaintiff delivered the vehicle to FCA or one of its authorized repair facilities, the vehicle had 16,725 miles on it. (*See* NoR at ¶ 19 n.1). Accepting these undisputed facts for the purposes of determining jurisdiction, Plaintiff had driven 742 miles before the first delivery, and the amount directly attributable to the buyer's use of the vehicle is $189.66. Therefore, the amount of actual damages Plaintiff can collect under the Song-Beverly Act is $30,482.34.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 21-01054 MWF (SHKx)**     **Date:  November 29, 2021**
**Title:     Leticia Delgadillo v. FCA US LLC et al.**

### 2. Civil penalties

In addition to the damages computed above, the Song-Beverly Act permits plaintiffs to recover up to two times the amount of actual damages.  *See* Cal. Civ. Code § 1794(c).  Plaintiff seeks to recover this civil penalty, citing "Defendant's willful refusal to comply with its statutory obligations under the Act." (Complaint at 4).  If Plaintiff prevails in this regard, Plaintiff would effectively be entitled to treble damages, or up to at least $91,447.02.  This would place the amount in controversy above the requisite jurisdictional threshold of $75,000.

Plaintiff argues that the Court should not include the civil penalties authorized by the Song-Beverly Act in its computation of the amount in controversy.  (Motion at 11-14).  The Court is not convinced.  "It is well established that punitive damages are part of the amount in controversy in a civil action."  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  While the Song-Beverly Act does not expressly provide for punitive damages, "[c]ourts have held that the civil penalty under the Song-Beverly Act is akin to punitive damages, because both have the dual effect of punishment and deterrence for defendants."  *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (citations omitted).  Therefore, "there is good reason to include the Song-Beverly Act's civil penalty of up to two times the amount of actual damages in the amount in controversy."  *Id.*  Indeed, other courts have factored in the Song-Beverly Act's civil penalties when determining the amount in controversy.  *See, e.g.*, *id.*; *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) ("Song-Beverly civil penalties are akin to punitive damages and ought to be treated the same for the purposes of [amount in controversy] analysis"); *Elenes v. FCA US LLC*, CV 16-05415-CAS (ASx), 2016 WL 6745424, at *5 (C.D. Cal. Nov. 14, 2016) ("Plaintiffs allege that FCA has 'willfully failed to comply with its responsibilities under the Act.' Accordingly, the amount in controversy estimate may include a civil penalty."); *Lawrence v. FCA US LLC*, CV 16-05452-BRO (GJSx), 2016 WL 5921059, at *4 (C.D. Cal. Oct. 11, 2016) ("Combining the possibility of Plaintiff's restitution along with her recoverable civil penalties, the Court finds that it is more likely than not that the amount in controversy under Song-Beverly is $81,554.13").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 21-01054 MWF (SHKx)          Date:  November 29, 2021
Title:      Leticia Delgadillo v. FCA US LLC et al.

       Plaintiff cites several unpublished opinions declining to apply the Song-Beverly Act's civil penalties to the amount in controversy. These opinions do not reach their conclusions by distinguishing the Act's civil penalties from punitive damages. Rather, they hold that the defendants in the cases have failed to meet their burden of proving that civil penalties will be awarded. *See, e.g.*, *Estrada v. FC US LLC*, CV 20-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) ("Defendant has not shown by a preponderance of the evidence that a civil penalty would be awarded in this case."); *Cottom v. FCA US LLC*, CV-21-01983-RSWL (ADSx), 2021 WL 3077995, at *1 (C.D. Cal. July 20, 2021) ("[C]ourts in the Ninth Circuit have consistently required defendants to show by a preponderance of the evidence that a civil penalty will be awarded.").

       To the extent that these cases suggest a defendant must prove that a civil penalty will be awarded by a preponderance of the evidence, the Court disagrees. In a motion to remand, where the amount of controversy is not clear from the face of the complaint, the non-moving party bears the burden of proving by a preponderance of the evidence the amount *in controversy*, not the amount itself.

       The Ninth Circuit has stated that in the context of punitive damages, "a defendant satisfies the amount-in-controversy requirement . . . if it is *reasonably possible* that it may be liable for the proffered punitive damages amount." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (emphasis added). The Court sees no reason why this standard should not apply to civil penalties under the Song-Beverly Act. Here, Plaintiff alleges that FCA willfully violated the provisions of the Act. In such instances, the Act provides for a civil penalty up to twice the actual damages, or a penalty to actual damages ratio of 2:1. As such, it is reasonably possible that a jury, if it determined that FCA willfully violated the Act, would award Plaintiff a civil penalty in the amount of $60,964.68, *i.e.*, twice the actual damages of $30,482.34. And from the facts in the Complaint, where Plaintiff alleges that she unsuccessfully brought her vehicle in for repair no less than seven times, it is reasonably possible that a jury would find that FCA willfully violated its obligations under the Act. (*See* Complaint at ¶¶ 11-13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. EDCV 21-01054 MWF (SHKx) | Date: November 29, 2021 |
| Title: Leticia Delgadillo v. FCA US LLC et al. | |

Therefore, the Court concludes that FCA has met its burden of showing by a preponderance of evidence that the amount in controversy, including the actual damages and civil penalties that Plaintiff seeks under the Song-Beverly Act, exceeds the requisite jurisdictional threshold of $75,000.

### 3. Attorneys' fees

Plaintiff in her Complaint also asks for attorneys' fees. (Complaint at 4). FCA puts the dollar amount for such fees at $35,000. (Opposition at 6). The Court need not, and does not, resolve the issue of whether the amount put forward by FCA, or some lesser amount, should be included in the amount in controversy. Because the amount in controversy already exceeds $75,000 after factoring in Plaintiff's requested civil penalties, and because the $35,000 put forward by FCA would in any case be insufficient to satisfy the jurisdictional threshold absent the inclusion of the civil penalties, the attorneys' fees requested by Plaintiff ultimately has no bearing on the question of jurisdiction.

Accordingly, the Motion to Remand is **DENIED**.

IT IS SO ORDERED.